Upon a conviction in the Sessions, the defendant appealed; and now, after a trial and conviction in this Court, moved, in arrest of judgment, that the indictment contained in one count two distinct offences, described in two distinct sections of the statute, and for which distinct and different fines were provided; and for these reasons the Court (the Chief Justice, having been of counsel in the cause, gave no opinion,) arrested the judgment. (a)
Judgment arrested'.

 " The defendant,” says Mr. Archbold, " must not be charged with having committed two or more offences in any one count of the indictment; for instance, one count cannot charge the defendant with having committed a murder and a robbery, or the like. The only exceptions to this rule are to be found in indictments for burglary, in which it is usual to charge the defendant with having broken and entered the house with intent to commit a felony, and also with having committed the felony intended; and in indictments for embezzlement by clerks and servants, which may charge any number of distinct acts of embezzlement, not exceeding three, which may have been committed against the master within six months inclusive. — 7 & 8 G. 4, c. 29, § 48. — Laying several overt acts in a count for high treason is not duplicity, (Keling, 8;) because the charge consists of the compassing, &c., and the overt acts are merely evidences of it; and the same as to conspiracy. That the defendant published and caused to be published a libel is not double, for they are the same offence. So a count in an indictment charging a man with one endeavor to procure the commission of two offences, is not bad for duplicity, because the endeavor is the offence charged.
-Rex vs. Fuller, 1 Bos. & Pul. 181. — And it is now generally understood that a man may be indicted for the battery of two or more persons in one count, (Rex vs. Benfield, 2 Bur. 984. — See 2 Str. 890. —2 Ld. Ray. 1572;) or for a libel upon two oi more persons, where the publication is one single act, (Rex vs. Jenner, 7 Mod. 400 — 2 Bur. 983,) without rendering the count bad for duplicity.” —Archb. Crim. Pl. p. 49, 4th Lond. ed. — As to charging the defendant with different offences in different counts, it admits of a different consideration. — See Arch. Crim. Pl. pp. 55, 56.