#### IN THE

## SUPERIOR COURT OF JUDICATURE,

#### FOR THE

## COUNTY OF HILLSBOROUGH, DECEMBER TERM,

#### A. D. 1835.

---

## THE STATE *vs.* W. NELSON.

Two distinct and separate offences cannot be regularly laid in one count of an indictment; and if they be so laid, it is a good cause for arresting judgment.

THE indictment in this case alleged that the prisoner, on the 7th July, 1835, at Hudson, with force and arms one horse of the value of $100, one bridle of the value of $1,00, one frock coat of the value of $25, one saddle of the value of $10, of the goods and chattels of James Steele, did feloniously steal, take and carry away.

He was tried at the September term of the court of common pleas, in this county, 1835, when the jury found him guilty of stealing the horse, and also guilty of stealing other articles mentioned in the indictment, to the value of $19.

A motion was then made in arrest of judgment, on the ground that upon one single count the prisoner had been convicted of two distinct and separate larcenies, for which distinct and different penalties were by law provided : and the cause was thereupon transferred to this court.

*Gove*, attorney general, for the state.

*E. Parker*, for the prisoner.

RICHARDSON, C. J., delivered the opinion of the court.

It is very clear, that two distinct larcenies may be committed by the same individual at one and the same time. Thus, if one steal at the same time the goods of A, and also other goods of B, there are two distinct larcenies. 2 *East's Crown Law* 521.

It is equally clear, that the prisoner in this case stands charged upon the face of the indictment with two distinct larcenies, and that he is convicted by the verdict of the jury of two distinct crimes. The stealing of the horse was a larceny, for which the punishment prescribed by the statute is confinement to hard labor for a term not less than three, nor more than seven, years. The stealing of the other goods mentioned in the indictment, according to the finding of the jury, was a larceny, for which the punishment by law prescribed is a fine and imprisonment in the common gaol.

And the prisoner now moves the court to arrest the judgment, because, although there is only a single count in the indictment, he is charged with, and convicted of, two distinct and separate crimes.

The question is, whether judgment can be legally rendered against the prisoner upon this indictment?

There are cases, in which a single count in an indictment may allege all the circumstances necessary to constitute two different crimes, and yet be in law sufficient. But that happens only in cases where the offence described in the count is a complicated offence, comprehending in itself divers circumstances, each of which is an offence ; as in an indictment for murder, which necessarily comprehends all the circumstances that go to constitute manslaughter ; and an indictment for burglary, which may contain all the allegations necessary to sustain a conviction of larceny. 2 *East's Crown Law* 517. In such cases the lesser crime constitutes an essential part of the higher crime, and is merged in a conviction for the higher crime. And it is only in cases where the prisoner is acquitted of the higher offence

that he can be convicted of some minor offence, necessarily involved in the description of such higher offence.

It is very apparent, that the case now before us is not an instance of an indictment setting out in one count a complicated offence, embracing various circumstances, which in themselves amount to offences; but this is an instance of a single count setting out two distinct and independent larcenies, which had no necessary connection with one another.

There may be several counts in an indictment, in which, apparently, several distinct offences are laid; and this is no cause for arresting judgment after a conviction. But no court ever permits a prisoner to be tried for two distinct and separate crimes upon one indictment; because by such a course he might be confounded in his defence, and the minds of the jurors distracted. 3 *D. & E.* 98, *Young* vs. *The King.*

And two persons, guilty of distinct and separate offences, cannot be joined in one indictment, because such a joinder might tend to embarrass them in their defences. 2 *Strange* 921, *The King* vs. *Phillips.*

And we are all of opinion that two distinct and separate offences cannot be laid in one count in an indictment. *Carthew* 226, *The King* vs. *Roberts;* 2 *Burrows* 983; 2 *Hawkins P. C.,* b 2, *ch.* 25, *sec.* 89; 4 *Mod. R.* 103; 2 *Mass. R.* 163, *Commonwealth* vs. *Symonds.*

And that for this cause the

*Judgment must be arrested in this case.*