## THE STATE *vs.* SQUIRES.

An indictment which alleges that the prisoner broke and entered a dwelling-house with intent to steal, and did there actually steal, is not bad for duplicity.

INDICTMENT FOR BURGLARY.    The indictment alleged that the prisoner, on the 6th day of June, 1839, with force and arms, at Littleton, the dwelling-house of one Ezra Parker, there situate, then and there, about the hour of one in the night time of the same day, feloniously and burglariously did break and enter, with intent the goods and chattels of one Ezra Parker, &c., to take, steal and carry away ; and fifty pounds of cheese, of the value, &c., of the proper goods, &c., then and there being found, then and there, &c., did take, steal and carry away.

On this indictment the prisoner was tried and convicted ; and he moved in arrest of judgment, for the following reasons :

1. Because the indictment charges an offence against the statute, when there is no such offence as is alleged, defined by the statute.

2. Because two separate and distinct offences, for which different punishments are provided, are charged in one count in the indictment.

*Duncan*, for the prisoner.    Two distinct and separate offences cannot be laid in one count in an indictment.    *State vs. Nelson*, 8 *N. H. Rep.* 163, *and cases there cited.*

Burglary is the breaking and entering the mansion house of another, in the night time, with intent to commit some felony therein.    1 *Hawk. P. C.* 285.

In this indictment the prisoner is first charged with breaking and entering, with intent to steal.    This is one offence. He is also charged with stealing fifty pounds of cheese.    This is another offence.    No court ever permits a prisoner to be tried for two distinct and separate crimes upon one indictment.    3 *D. & E.* 98, *Young* vs. *The King.*    Not only are

these separate offences, but different punishments are imposed for the commission of them.

*Quincy*, on the same side.

*Gove*, A. G., for the state.

GILCHRIST, J. In this case it is argued that the indictment charges two distinct, substantive offences, *burglary* and *larceny ;* and the question arises, whether the indictment is bad for duplicity.

It is well settled, as a general rule, that two offences cannot be charged in the same count in an indictment. *Archb. Crim. Pl.* 25 ; *State* vs. *Nelson,* 8 *N. H. Rep.* 163. This is an important rule, both to the prisoner and the public. Criminal charges should be so alleged, that the prisoner may know precisely against what he is to defend, and that the attention of the jury may not be distracted by a consideration of various issues ; and the fifteenth article of the Bill of Rights has provided a safeguard for the accused, by requiring that the crime or offence shall be "fully and plainly, substantially and formally described to him." But to this rule there are certain exceptions, the tendency of which is not to embarrass the prisoner in his defence, nor to distract the minds of the jury, but to ensure the conviction of the guilty, while the necessity of more than one trial is avoided.

The form adopted in the indictment before us is recommended by very high authority, and is universally given in the precedents. A similar indictment may be found in 1 *Stark. Crim. Pl.* (2d ed.) 39 ; *Davis's Precedents of Indictments* 81 ; 3 *Chit. Cr. L.* 1100.

Lord Hale advises that the indictment should charge a burglarious entry, with intent to steal ; and then an actual burglarious stealing, as if no intent had been previously alleged, on which, if the theft be unsupported, the defendant may still be convicted on his evil intention. 1 *Hale P. C.* 560.

This doctrine is cited from Hale, and recognized as correct, in 3 *Ch. Cr. Law* 1098, and in 2 *Russell on Crimes* 950. And in the case of *The King* vs. *Withall and Overend*, 1 *Leach* 102, which was an indictment for breaking and entering and stealing, it is held, that the prisoner may be acquitted of the breaking, and convicted of the stealing.

In the case of *Commonwealth* vs. *Tuck*, 20 *Pick.* 356, this question was discussed and settled. The prisoner was indicted for breaking, and entering, and stealing; and it was moved, in arrest of judgment, that the indictment was bad, for duplicity. But it was held, not only that the indictment was unobjectionable, but that, even if it were bad for duplicity, the objection came too late. Mr. Justice Morton, in delivering the judgment of the court, says: "An indictment setting forth that the defendant broke and entered, with intent to steal, would be good. Can the addition of the fact that he *did steal*, which is the best evidence of his intention, vitiate the indictment? We cannot perceive that it does." And in *Archbold's Crim. Pl.* 25, it is said that in indictments for burglary it is usual to charge the defendant with breaking and entering with intent to commit a felony, and also with having committed a felony. The same principle appears to be recognized in the case of *Commonwealth* vs. *Eaton*, 15 *Pick.* 273. The statute imposed a penalty upon any person who "shall sell or offer for sale" any lottery ticket. The indictment alleged that the defendant "did unlawfully offer for sale, and did unlawfully sell" one half of a lottery ticket. Upon demurrer, on the ground of duplicity, the indictment was held sufficient; for, although offering to sell is an offence, yet offering to sell, and actually selling, are but one offence, and every sale includes an offer to sell.

A general rule applicable to cases of this character is stated in *The State* vs. *Nelson*, 8 *N. H. Rep.* 163, as follows: "There are cases in which a single count in an indictment may allege all the circumstances necessary to constitute two

different crimes, and yet be in law sufficient. But that happens only in cases where the offence described in the count is a complicated offence, comprehending in itself divers circumstances, each of which is an offence ; as in an indictment for murder, which necessarily comprehends all the circumstances that go to constitute manslaughter ; and an indictment for burglary, which may contain all the allegations necessary to sustain a conviction for larceny." 2 *East P. C.* 515, 516.

We are, therefore, of opinion that the motion in arrest of judgment must be overruled, and that there must be

*Judgment on the verdict.*