## The State *v.* Fowler.

If distinct and separate offences are contained in one count in an indictment, judgment will be arrested.

It would seem that it is no cause for an arrest of judgment that different offences are contained in different counts in an indictment. But the court will not permit a prisoner to be tried upon such an indictment, if any objection is made.

A recognizance, taken upon a complaint before a magistrate, containing two counts, with a different offence set forth in each, is not void.

A *justice of the peace throughout the State has no power to take the recognizance of a prisoner* to appear for examination before a magistrate in the county in which the offence was committed.

Where an offender was brought before P., a justice of the peace throughout the State, in the county of H., upon a complaint for an offence committed in the county of M., and upon the complaint being read, the offender said he was not guilty, and P. ordered him to recognize for his appearance and examination *before W., a justice of the peace of the county of M.,* but no appearance was made before W., according to the tenor of the recognizance, and he thereupon declared the same forfeited—*held,* that the recognizance was void, and that no action could be sustained upon it.

Scire Facias, on a recognizance for $600, entered into by the defendant and one Nathaniel Shackford, before C. E. Potter, Esq., justice of the peace and quorum throughout the State, at Manchester, on the 23d day of April, 1853.

The following is a brief statement of the facts, as agreed upon by the parties:

On the 23d day of April, 1853, one Hiram Wingate of Manchester, entered a complaint, on oath, before David A. Gregg, Esquire, a justice of the peace and quorum throughout the State, resident at Derry, in the county of Rockingham, against Nathaniel Shackford of Allenstown, in the county of Merrimack, charging him, in the first count, with having maliciously burnt his own barn, at said Allenstown, on the 19th day of April, 1853; and in the second count, with having maliciously burned, on said 19th day of April, at said Allestown, a ton of hay and six bushels of grain, the property of Asa and Cyrus Coburn, of Allenstown.

On the same day, Gregg, as justice of the peace and quorum throughout the State, issued his warrant, directed to the sheriff of any county, or his deputy, or the constable of any town in the State, commanding them to arrest Shackford, if found in their precinct, and bring him before said Gregg, or some other justice of the peace and quorum throughout the State, or some justice of the peace for Merrimack county, to answer to said complaint.

On the same day one Samuel Marshall made return on the complaint, that " by virtue of this precept or warrant," he had arrested Shackford in Rockingham county, and conveyed him to Manchester, and delivered him to Joseph M. Rowell, a deputy sheriff for Hillsborough county.

On the same day Joseph M. Rowell, deputy sheriff, made return on the complaint, that he had arrested Shackford in Hillsborough county, and then had him before Chandler E. Potter, Esquire, a justice of the peace throughout the State of New Hampshire.

On the same day, Chandler E. Potter, Esquire, justice of the peace throughout the State of New Hampshire, made a certificate, attached to the complaint, that Shackford, having been brought before him on that day and heard said complaint read, said he was not guilty, and was thereupon ordered to recognize, with sufficient surety, in the sum of $600, for his appearance before Aaron Whittemore, Esquire, a justice of the peace in and for the county of Merrimack, and justice of the police court for the town of Pembroke, in said county, on the 2d day of May, 1853, at 10 o'clock, A. M., for examination on the within complaint.

The recognizance entered into on the same day by said Shackford and the defendant, before said Potter, as a justice of the peace throughout the State, recites in its condition the fact that said Shackford having that day been brought before him " upon the within complaint, and having entered a plea of not guilty to the allegation of said complaint,"

was ordered to recognize, as before stated, for his appear-ance.

On the 2d day of May, 1853, Aaron Whittemore, Es-quire, justice of the peace for Merrimack county, made a certificate, at Pembroke, in said county of Merrimack, that Shackford, having failed to appear before him, " according to the tenor of his recognizance aforesaid, before C. E. Pot-ter, a justice of the peace throughout the State of New Hampshire," the said recognizance was declared by him for-feited.

The questions arising upon the foregoing agreed state-ments of facts were transferred to this court for determina-tion.

*Fowler, pro se.*

There are a variety of reasons why this action cannot be maintained.

I.  The complaint was bad for duplicity, charging the commission of two separate and distinct offences in the same complaint.

II.  The warrant was irregular and void, in directing the officer to bring the offender before some other justice of the peace and quorum throughout the State.

Section 17 of chapter 222 of the Revised Statutes, (sec-tion 17 of chapter 237 of the Compiled Statutes,) author-izes a justice throughout the State to receive a complaint for an offence committed in any county, and to issue his warrant authorizing any proper officer to arrest the offender and bring him " before such justice, or some justice in and for the county where the offence was committed, for exam-ination."

This is the only authority anywhere conferred upon jus-tices throughout the State in relation to issuing warrants for offences out of their county; and their authority is ex-pressly limited to the provisions of the statute.  Nothing will be presumed in favor of their jurisdiction.  Justices are

the creatures of the statutes, and derive all their powers therefrom. *Commonwealth* v. *Leach*, 1 Mass. Rep. 59; *Commonwealth* v. *Foster & a.*, 1 Mass. Rep. 488; *Bridge* v. *Ford*, 4 Mass. Rep. 641; *Commonwealth* v. *Ward*, 4 Mass. Rep. 497; *Martin* v. *Fales*, 6 Shep. 23; *Pritchard* v. *Atkinson*, 4 N. H. Rep. 293.

III. The arrest by Samuel Marshall, not purporting to be by any one of the class of officers authorized to serve warrants, but by a private individual, was illegal. *Commonwealth* v. *Foster & a.*, 1 Mass. Rep. 488; *Bissell* v. *Bissell*, 3 N. H. Rep. 520.

IV. Judge Potter, the justice throughout the State, at Manchester, before whom Shackford was illegally brought, had no authority by law to examine him, or to order him to recognize for his appearance at a future day, before a justice in the county where the offence was alleged to have been committed, much less to receive his plea; and because he denied the allegation of the complaint, for that reason, order him thus to recognize, as the case and the record finds was done in this instance.

Section 18 of chapter 222 of the Revised Statutes, (Section 18 of chapter 237 of the Compiled Statutes,) authorizes a justice of the peace throughout the State, who may have issued a warrant for an offence, or a justice of the peace in the county where the offence was committed, upon the offender being brought before him, to order him to recognize with sufficient sureties for his appearance at the next term of the court of common pleas for the county where the offence was committed. But no authority is anywhere conferred upon the justice who issued the warrant, even, much less another magistrate, who was a stranger to the proceedings, to order the offender to recognize to appear before another magistrate, in another county, either before or after the plea of " not guilty."

Indeed there is no provision anywhere in our statutes, that we are aware of, authorizing any magistrate to order

an offender to recognize before him for his appearance for examination before any other magistrate. Section 7 of chapter 222 of the Revised Statutes, (Section 7 of chapter 237 of the Compiled Statutes,) authorizes a magistrate, when an offender is brought before him, and it is necessary, to postpone the examination and take the recognizance of the party for his appearance at the time and place of the postponed examination before himself, but not before any other magistrate.

V. Judge Potter, the justice throughout the State, who undertook to take the recognizance of Shackford in this case, having had no authority to act, the proceedings before him are absolutely void. That magistrate having by law no jurisdiction either of the subject matter of the complaint or of the person of the alleged offender, the proceedings "were *coram non judice*," and his order for the recognizance, and the recognizance itself, are illegal and void. *Bigelow* v. *Stearns*, 19 Johns. 39; *Borden* v. *Fitch*, 15 Johns. 121; *Commonwealth* v. *Canada*, 13 Pick. 86; *Wise* v. *Withers*, 3 Cranch. 331; *Smith* v. *Knowlton*, 11 N. H. Rep. 191; *Russell* v. *Perry*, 14 N. H. Rep. 155; *Sanborn* v. *Fellows*, 2 Foster's Rep. 490.

VI. If not void for want of authority in the magistrate to take it, the recognizance would have been void for uncertainty; no place being named therein at which the alleged offender was to appear; not even the town in which he was to appear being indicated in the order of the magistrate or the recognizance itself.

VII. It would also have been void, if not from general illegality, for the reason that only one surety was taken, when if the magistrate could have taken it at all, he could only have taken it with two or more sureties.

VIII. There is a further defect in the proceedings, that it does not appear by the record that Shackford was called upon to make his appearance, or that the defendant was called upon to bring Shackford forward to answer.

IX. The case finds that the magistrate undertook to re-cognize Shackford to appear before Whittemore, as justice of the peace and police justice of Pembroke, while it does not appear that Whittemore was such police justice.

X. By section 3 of chapter 1282 of the Pamphlet Laws, approved January 8, 1853, it is provided that no writ in any suit or action shall be made returnable before a justice of the peace in any town which may have adopted its provi-sions. If, then, Pembroke had adopted that act, and Whit-temore was police justice on the 23d day of April, it was illegal to return the warrant before him as a justice of the peace, as he could only hold the examination upon it in that town as police justice.

*George* (Solicitor) *& Foster*, for the State.

The objection by the defendant to the sufficiency of the complaint cannot be taken in defence of a *scire facias* for the recovery of the amount of the recognizance. It can only be taken at the trial of the respondent upon the com-plaint. *Robbins* v. *Bacon*, 1 Root, 548; *Watkins* v. *The State*, 7 Miss. Rep. 334; *Sigourney* v. *Stockwell*, 4 Met. 518; *Dickson* v. *Wilkinson*, 3 How. U. S. 57; 5 U. S. Dig. 743. Where there is a defect in the process which does not affect the justice of the case, it is no justification for resist-ance of the officer. 1 Chit. Crim. Law, 55. But the com-plaint is not bad for duplicity. It contains two counts; one for setting fire to a barn, and the other for setting fire to a quantity of hay. There is no objection, in point of law, to the insertion of separate counts in the same indictment, of distinct felonies of the same degree, committed by the same offender. Roscoe's Crim. Ev. 231, and cases there cited.

The warrant directs the officer " to bring him (the defend-ant) before me, or some other justice of the peace and quo-rum throughout the State, or some justice of the peace in and for the county of Merrimack."

If a justice directs his warrant to officers within, and also

to officers beyond, his jurisdiction, and the warrant be actually served by an officer having authority, the arrest is legal. Davis' Justice of the Peace, 29. But we suppose justices of the peace and of the quorum throughout the State have jurisdiction in every county, and are practically justices of the peace in and for each county, within the meaning of the statute. *Young* v. *Bride,* 5 Foster's Rep. 482. Justices have direct authority by statute to take recognizances for further examination. Rev. Stat. ch. 222, § 7.

The exception that it does not appear that Samuel Marshall was a proper officer to make the arrest, does not affect this case. If Marshall were a mere private individual, he can be sued for false imprisonment; and the prisoner might have resisted his custody ; but the case finds that Shackford was arrested in Hillsborough county, and carried before Judge Potter, by Joseph M. Rowell, deputy sheriff.

If Judge Potter had the right to take the recognizance of Shackford, for his appearance for examination before himself, it would seem to be equally reasonable that he should take his recognizance for his appearance before some other justice. The object of taking the recognizance, in either case, would be that the respondent might be set at liberty by giving security for his appearance at the future examination.

A justice of the peace in this State may commit a respondent to jail for want of proper sureties, and afterwards the respondent may enter into a recognizance before some other justice of the peace. Bell's Justice and Sheriff, 286. And by analogy it would seem that a recognizance may be entered into before one justice for appearance before another.

The objection that no place for the further examination is named in the recognizance, cannot now avail. The place at which the respondent is to appear is named for his convenience ; and if he chose to enter into recognizance to appear before a justice, without naming the place of appearance, it

was his own fault. Besides, if the fact had been that he endeavored to find the place of examination and failed, his recognizance would have been spared by the court of common pleas. *Darling* v. *Hubbell,* 9 Conn. Rep. 350. The objection that there was but one surety cannot avail; section 7 of chapter 222 of the Revised Statutes, authorizing the recognizance of the party alone to be taken, and clearly intending that one or several sureties may be required, as the case may demand.

The case finds that Shackford did not appear, and that the magistrate declared his recognizance forfeited, and that the magistrate complied with all the requisites of the law. Rev. Stat. ch. 222, § 20.

The ninth and tenth objections of the defendant are obviated by the fact that if the magistrate was either a justice of the peace or police magistrate, the complaint was properly returnable before him. *Hill* v. *Wells,* 6 Pick. 104.

EASTMAN, J. The complaint, upon which the warrant issued in this proceeding was founded, contained two counts, for two distinct offences; one for burning a barn, and the other for burning a ton of hay and six bushels of grain. Were these offences contained in one and the same count in an indictment, it would be good cause for an arrest of judgment, for they are distinct statutory crimes, and different and distinct punishments are attached to each. *State* v. *Nelson,* 8 N. H. Rep. 163; *Commonwealth* v. *Symonds,* 2 Mass. Rep. 163; 2 Burrows, 983; 4 Mod. 103.

These offences being set forth in two counts, there might be no cause for arresting the judgment after conviction, should the same be included in separate counts in an indictment; at the same time, no court ever permits a prisoner to be tried for two distinct and separate crimes upon one indictment, if any objection is made, " because by such a course he might be confounded in his defence, and the

minds of the jurors distracted." *State* v. *Nelson,* 8 N. H. Rep. 165 ; *Young* v. *The King,* 3 Term, 98.

Either of the charges set forth in the complaint was sufficient, if proved, to convict the respondent of a State prison offence, and the two not being confounded in one count, the respondent could be legally held, and the matter be set right on the finding of the indictment, or at the trial. It does not appear to us, therefore, that the recognizance was bad on this account.

There were several other exceptions taken to the validity of the proceedings, which might be examined, but which we do not propose to consider at this time, inasmuch as there is one which we think must be fatal to the maintenance of the action.

It appears that Shackford, who was a resident of Allenstown, in the county of Merrimack, where the offence was alleged to have been committed, was brought before C. E. Potter, Esquire, a justice of the peace throughout the State, at Manchester, by deputy sheriff Rowell, he having been delivered to Rowell from Rockingham county, where he was first arrested. The case then finds than " on the same day Chandler E. Potter, Esquire, justice of the peace throughout the State of New Hampshire, made a certificate, attached to the complaint, that Shackford, having been brought before him that day and heard said complaint read, said he was not guilty, and was therefore ordered to recognize, with sufficient surety, in the sum of $600, for his appearance before Aaron Whittemore, Esquire, a justice of the peace in and for the county of Merrimack, and justice of the police court for the town of Pembroke, in said county, on the 2d day of May, 1853, at 10 o'clock, A. M., for examination on the within complaint. The recognizance entered into on the same day by Shackford and the defendant, before Potter, as a justice of the peace throughout the State, recites in its condition the fact that Shackford having that day been brought before him upon the within com-

plaint, and having entered a plea of not guilty to the allegation of said complaint, was ordered to recognize, as before stated, for his appearance." It further appears that,

On the 2d day of May, 1853, Judge Whittemore, as justice of the peace for the county of Merrimack, made a certificate, at Pembroke, that Shackford having failed to appear before him, " according to the tenor of his recognizance aforesaid, before C. E. Potter, a justice of the peace throughout the State of New Hampshire," the said recognizance was declared by him forfeited.

This recognizance, thus taken by Judge Potter, and declared forfeited by Judge Whittemore, is the foundation of this action, and the particular question which we are now considering is, whether it was legal, so as to bind the defendant.

The power which is given to justices of the peace throughout the State to act in criminal matters, is to be found in the seventeenth and eighteenth sections of chapter 222 of the Revised Statutes. These sections are as follows :

Section 17. " Any justice of the peace throughout the State may receive a complaint for an offence commmitted in any county in this State, and may issue his warrant thereon, directed to the sheriff of any county in this State, or his deputy, or any proper officer, authorizing such officer to apprehend such offender and to bring him before such justice, or some justice in and for the county in which the offence was committed, for examination."

Section 18. " Such justice may order such offender to recognize, with sufficient sureties, to appear at the court of common pleas next to be holden in and for the county in which the offence was committed, and to answer to said complaint, and to abide the order of court thereon, or may commit such offender to the jail in such county, as is hereinbefore provided."

These sections are very clear and explicit. They give a

justice of the peace throughout the State power to receive a complaint for an offence committed in any county in the State, and to issue a warrant thereon, authorizing the officer to bring such offender before such justice, or some justice in and for the county in which the offence was committed, for examination. Being brought before such justice, the offender may be examined, and if the complaint is sustained, he may be ordered to recognize, with sufficient sureties, to appear at the court of common pleas next to be holden in the county where the offence was committed; or, in default of procuring sureties, or in case the offence be not bailable, he may be committed to the jail in that county. This is the extent of the power conferred, and the limits marked out by the statute cannot be exceeded.

Now, waiving the question whether Shackford was legally before Potter, he had, at most, only power to order him to recognize with sufficient sureties to appear at the court of common pleas next to be holden in Merrimack county, where the offence was committed, and to answer to the complaint, and to abide the order of the court thereon; or to commit him to jail. The statute nowhere gives him the power to take a recognizance for an appearance and examination before a magistrate in another county, and any such recognizance must consequently be void.

The recognizance, therefore, which was taken by Judge Potter, and afterwards declared forfeited by Judge Whittemore, was illegal and void, and no action upon it can be sustained. There must, of course, be

*Judgment for the defendant.*