The State of Minnesota v. Wood.

# THE STATE OF MINNESOTA

## vs.

## CHARLES WOOD.

An indictment containing two counts, one for forging a promissory note, and a second for uttering and publishing a forged promissory note, is demurrable as charging two offenses in a case in which it is not allowed by statute.

The defendant was indicted in the District Court for Olmsted County, was tried, convicted and sentenced; he brings the cause to this Court by appeal. A full statement of the case will be found in the opinion.

R. A. JONES for Appellant.

The indictment demurred to, charges two offenses.

The forging of a note and the uttering of a forged note are distinct offenses under the statute. *General Statutes XCVI, Sections 1, 2.*

This is not a case provided for in *Sec. 6, page 46, of the General Statutes*, as there are no *degrees* in forgery or in the uttering of forged paper—under our statute—and in *no other* case is the double charged allowed. The demurrer is filed under *Section 3 of Chapter CXI, page 651, General Statutes*, and notwithstanding authorities can be found sustaining such

indictments in other states, yet our statutes seem to be conclusive upon the point. Any other construction leads to inextricable complication.

In this case the jury found the defendant "guilty, as charged in the indictment," under the direction of the Court.

Guilty of what? Forgery? or the uttering of forged paper? or both?

The Court sentenced the defendant "*for the offense of which you have been proved guilty,*" &c.

Which offense?

Does the Court take it for granted that the jury found the defendant guilty only of the uttering? If not, by what statute is the punishment inflicted in this case, justified?

If guilty of both offenses, what statute authorizes the Court to impose adequate punishment for each or both in one sentence and upon one trial?

The true test is: do *Sections 1 and 2 of Chapter XCVI, General Statutes,* define two offenses, or one offense of two degrees? And this is answered by inquiring whether a conviction or acquittal, under either section, would be a bar to a prosecution under the other. If not, then the demurrer in this case should have been allowed.


O. P. STEARNS for Respondent.


I.—The two "offenses" charged in the indictment differ only in degree, and are but two necessary steps in the consummation of one offense. *People vs. Rynders,* 12 *Wend.,* 427; *Barbour's Criminal Law, p.* 339; *Archibald's Criminal Practice and Pleadings, 7th Ed., 3d Vol., p.* 811.

II.—All text writers treat the making and uttering of forged instruments as a single offense made up of two offenses, differing only in degree, and the Courts cannot subject parties

to two prosecutions for what has uniformly been treated as a single offense.  *Constitution, Art.* 1, *Sec.* 7; *Bishop on Criminal Procedure, Sec.* 356 *et seq.; Chitty on Criminal Law, p.* 1022 *et seq.; Archibald's Criminal Practice and Pleadings, 7th Ed., Vol.* 3d, *p.* 534, *et seq.*

*By the Court*—BERRY, J.—To an indictment found against him, the defendant demurred, on the ground " that more than one offense is charged " in the same.

The demurrer was overruled and exception taken.  A trial being had, the jury rendered the following verdict: " The jury find the prisoner guilty as charged in the indictment." Sentence was pronounced as follows: " It is adjudged by the Court that you, Charles Wood, as punishment for the offense of which you have been proved guilty, be conveyed hence without unnecessary delay to the State Prison at Stillwater, in the State of Minnesota, and that you be confined in said State Prison for the term of one year at hard labor." The defendant appeals to this Court.

I.—*Sec.* 3, *page* 651, *Gen. Stat.*, provides that "the defendant may demur to the indictment when it appears from the face thereof    *   *   *    that more than one offense is charged in the indictment, except in cases where it is allowed by statute."

*Sections* 1 *and* 2, *page* 610–11, *Gen. Stat.*, read in this wise:

*Sec.* 1.   " Whoever falsely makes, alters, forges or counterfeits * * any * * promissory note * * with intent to injure or defraud any person, shall be punished by imprisonment in the State Prison not more than five years nor less than two years, or by imprisonment in the county jail not more than two years nor less than one year.

*Sec.* 2.   Whoever utters and publishes as true any false, forged, or altered   *   *   instrument, or other writing men-

tioned in the preceding section, knowing the same to be false, forged or altered, with intent to injure or defraud as aforesaid, shall be punished by imprisonment in the State Prison not more than five years nor less than one year."

The first count in the indictment charges making, forging and counterfeiting; the second count charges uttering and publishing. In so doing we think the indictment charges two offenses. The first of the two sections last quoted relates solely to making, altering, forging or counterfeiting any promissory note, &c., and prescribes punishment therefor.

. The second section relates solely to uttering and publishing, as true, any false, forged, or altered promissory note, &c., and prescribes a punishment therefor differing from the punishment prescribed in the first section.

It is obvious that one of these offenses is not the same as the other, and the difference of punishment shows a difference between the offenses in the mind of the Legislature. As one person may forge, and another person may utter the same instrument, each may commit a distinct offense, and one of them be punishable under the first section, the other under the second. Nor does the uttering imply forging by the person uttering, as a battery implies and includes an assault.

II.—Is this a case in which "it is allowed by statute" to charge more than one offense in an indictment? *Sec.* 6, *p.* 646, *Gen'l Stat.*, enacts that "when by law an offense comprises different degrees, an indictment may contain counts for the different degrees of the same offense, or for any of such degrees. The same indictment may contain counts for murder, and also for manslaughter, or different degrees of manslaughter. Where the offense may have been committed by the use of different means, the indictment may allege the means of committing the offense in the alternative. Where it is doubtful to what class an offense belongs, the indictment

The State of Minnesota v. Wood.

may contain several counts describing it as of different classes
or kinds." This section, taken in connection with the section
before quoted which enumerates the grounds of demurrer,
changes to some extent the rules of the common law. We
are not aware that it has been enacted elsewhere, and we do
not find that any judicial construction has been put upon its
language. The first clause would appear to have reference to
such an offense as murder, which by *statute* comprises differ-
ent degrees; or manslaughter or arson, or according to the
doctrine of *State vs. Eno*, 8 *Minn.*, 224, larceny. From the
second clause it would appear that murder and manslaughter,
although both falling within the generic designation of un-
lawful homicide, are not regarded as different degrees of the
same offense, or perhaps this clause was enacted for greater
caution, or by way of illustration.

The third clause explains itself, and can have no bearing
upon this case.

The fourth and last clause certainly does not mean that
when it is doubtful whether a person has committed larceny,
or perjury, the indictment may charge him with both. That
would hardly have been tolerated under any system of prac-
tice. We are inclined to the opinion that it has reference to
a case where the fact has been ascertained that an "*offense*,"
not an *act*, merely, but a *criminal act*, has been committed,
but from an inability to find out the precise circumstances
under which it was committed, or perhaps from some uncer-
tainty as to the construction of a law, or as to the intent in-
volved, the grand jury are in doubt as to what class the
offense belongs; for instance, in case of an indictment for an
assault we think the testimony before the grand jury might
be such as to raise a doubt whether the offense would fall
within the provisions of *Section* 32, or of *Section* 33, *page* 600,
*Gen. Stat. Section* 32 relates to an assault with intent to

murder, &c., and *Section* 33 to an assault with intent to do great bodily harm, both offenses however possessing substantial elements in common. But as we have already seen, the forging and uttering of forged instruments are by our statute distinct offenses. The line between them is as clearly drawn, and they are as completely distinct, as larceny and perjury. No one of the acts which enters into the composition of the one enters into the composition of the other. If a grand jury are in doubt whether a person forged, or uttered, they know nothing about the facts, as far as he is concerned, and should find no indictment. Neither, we think, can it be claimed that forging and uttering forged paper are, under our statute, different degrees of the same offense. If they are, what is the name of that offense? One does not include the other, as a battery embraces an assault, for a person may utter who has not forged, and a person may forge who does not utter. No one of the acts which constitutes forging is an element of uttering, and *vice versa*. If they are different degrees of the same offense, which is the higher? The statute does not tell us, and we have no scales by which to determine their comparative enormity; neither do the several punishments prescribed enable us to answer the question.

It is true that by common law writers they are sometimes spoken of as different degrees of the same offense; but Mr. Bishop speaks, and we think with more accuracy, of the uttering, publishing and passing of forged paper, as offenses "depending on and growing out of forgery," and of forgery and the uttering, &c., of forged paper, as "*branches*" of the more comprehensive crime of "*cheat.*" 2 *Bishop's Cr. Law*, *Sec.* 562. It is also to be observed that while under the common law Courts were invested with a *discretion* as to sustaining an indictment which charged two or more distinct offenses, our statute seems to allow no such discretion, save in cer-

tain excepted cases.   The right to demur, and of course to have the demurrer allowed for such duplicity, is an absolute right, as much so as the right to demur because the indictment fails to charge an offense.

We refer to *Sec.* 18, *p.* 656, and to *Sec.* 10, *p.* 653, *General Statutes*, as in harmony with the views which we have expressed.

We are of opinion that the demurrer was well taken, and it is therefore unnecessary to consider the objections to the verdict, in which the jury find the defendant "guilty as charged in the indictment," (that is, we presume, guilty of both offenses), or the objection to the sentence, which, we infer from the term of imprisonment, was for the crime of uttering alone.

The judgment must be reversed; but as the indictment may be amended by striking out one count, we remand the case, that application may be made for such amendment, and thereupon a new trial had, or in case the amendment be not obtained, that the defendant may be discharged.