Decided at PENDLETON, 13 August, 1898.

## STATE v. HINKLE.

[54 Pac. 155]

1. DUPLICITY — WAIVER OF OBJECTION — AIDER BY JUDGMENT.— Error in overruling a demurrer to an indictment for duplicity is not waived by a plea of not guilty or cured by a judgment of conviction: State v. Jarvis, 18 Or. 360, cited.

2. INDICTMENT — DUPLICITY.— An indictment which in the same count charges the defendant as an accessory before the fact in the crime of murder, for which, under Hill's Ann. Laws, §§ 1289, 1729 and 2011, he may be found guilty as a principal and punished with death, and also as an accessory after the fact, the punishment for which, under §§ 1290, 2012, 2014, is imprisonment in the penitentiary, is bad for duplicity.

3. DECLARATIONS OF CO-CONSPIRATOR AS EVIDENCE.*—Statements made by a co-conspirator after the common enterprise has ended, and not in the presence of the accused, are not competent evidence against the latter: State v. Magone, 32 Or. 206, approved and followed.

From Grant: MORTON D. CLIFFORD, Judge.

Richard Hinkle was convicted of manslaughter and appeals.

REVERSED.

For appellant there was a brief over the names of *James A. Fee* and *Thornton Williams*, with an oral argument by *Mr. Fee*.

* NOTE.—Previous Oregon decisions to the same effect are: *Sheppard* v. *Yocum*, 10 Or. 417; *Osmun* v. *Winters*, 30 Or. 178; *State* v. *Tice*, 30 Or. 457, and *State* v. *Magone*, 32 Or. 296.—REPORTER.

For the state there was an oral argument by *Mr. Chas. W. Parrish*, district attorney.

MR. JUSTICE MOORE delivered the opinion.

The defendant, Richard Hinkle, was tried upon an indictment, the charging part of which is as follows : " On the fifth day of December, 1895, in the county of Grant and State of Oregon, one William Bare did then and there feloniously, and of deliberate and premeditated malice, and in the commission of a robbery, and in the attempt to commit a robbery, kill one George A. Scott, by then and there purposely, and of deliberate and premeditated malice, and feloniously, and in the commission of a robbery, and in the attempt to commit a robbery, shooting and striking him, the said George A. Scott, in and upon the body of him, the said George A. Scott, with dangerous weapons, the names and descriptions of which weapons are to the grand jury unknown, and the said William Bare then and there being within shooting and striking distance of him, the said George A. Scott, and the said Richard Hinkle did then and there and theretofore feloniously, purposely, and of deliberate and premeditated malice, aid, incite, encourage and abet the said William Bare in the commission of said murder in manner and form as aforesaid, and did thereafter, in said county and state, feloniously, and of deliberate and premeditated malice, counsel, harbor and conceal the said William Bare, and conceal the evidence of said murder, and assist in the burning and consuming of the body of him, the said George A. Scott, contrary," etc. ; and the said Hinkle, having been convicted of the crime of manslaughter, was sentenced to imprisonment in the penitentiary for a term of fifteen years, and to pay a fine of $2,000, from which judgment he appeals.

1. It is contended by defendant's counsel that the indictment charges the commission of more than one crime, and, having demurred to the duplicity, the court erred in overruling the demurrer, for which reason the judgment ought to be reversed. The statute, in prescribing the manner of stating facts constituting an offense, provides that the indictment must charge but one crime, and in one form only (Hill's Ann. Laws, § 1273), and any violation of this rule is a ground of demurrer (Id. § 1322) ; but, if a demurrer for the duplicity be interposed and overruled, the objection to the pleading is not waived by a plea of not guilty, nor is the error cured by a judgment of conviction : *State* v. *Jarvis*, 18 Or. 360 (23 Pac. 251).

2. In view of this rule, can it be said that the indictment in question charges the commission of two separate and distinct offenses? This inquiry necessarily involves a consideration of the several methods of determining duplicity in an indictment. Except in a few instances, in which the perpetration of one crime involves the commission of another, or where one crime is necessarily included within another, the rule is well settled that if the same count in an indictment charge the commission of two offenses, for which the statute imposes different penalties, or if an indictment, in violation of the provisions of a statute, charge in separate counts the commission of more than one crime, the duplicity, if made available by demurrer or appropriate motion, is sufficient to procure the arrest or reversal of a judgment rendered upon such pleadings : *Ben* v. *State*, 58 Am. Dec. 234, and exhaustive notes ; *Com.* v. *Symonds*, 2 Mass. 163 ; *People* v. *Wright*, 9 Wend. 193 ; *Greenlow* v. *State*, 4 Humph. 25 ; *Burgess* v. *State*, 44 Ala. 190 ; *McGahagin* v. *State*, 17 Fla. 665 ; *State* v. *Wood,* 13 Minn. 121.

Applying this rule to the case at bar, it will be observed,

from an inspection of the first part of the averment of the indictment, so far as it relates to Hinkle, that he is charged as an accessory before the fact; but, the common-law distinction between such an accessory and a principal having been abrogated in this state, the statute makes him a principal, in view of which he might have been indicted, tried and punished as such, thus rendering him, in case of conviction, subject to the death penalty : Hill's Ann. Laws, §§ 1289, 1729, 2011; *State* v. *Steeves*, 29 Or. 85 (43 Pac. 947). It will also be seen that the second clause of the indictment, applicable to defendant, charges him as an accessory after the fact, and hence, upon conviction thereof, he could only have been punished by imprisonment in the penitentiary not less than one nor more than five years, or by imprisonment in the county jail not less than three months nor more than one year, or by fine not less than $100 nor more than $500 : Hill's Ann. Laws, §§ 1290, 2012, 2014. Hence, it clearly appears that the same count in the indictment charges two offenses, punishable by different penalties, and, such being the case, it is manifest that duplicity exists in the pleading.

Duplicity may also be said to exist when evidence which tends to prove one charge fails to establish the other, or when a judgment of acquittal or conviction upon one charge is ineffectual as a plea in bar to the other. In either case, it is evident that the indictment is vulnerable to attack by demurrer, or may be successfully assailed by a motion to quash in those jurisdictions which prescribe the latter course : *State* v. *Abrahams*, 71 Am. Dec. 399. Evidence tending to prove that Hinkle aided, incited, encouraged and abetted Bare in the commission of the offense would not, in our judgment, tend to establish the fact that he counseled, harbored and concealed his alleged associate or concealed the evidence of his crime. It is

evident, also, that, if defendant were acquitted or convicted as an accessory before the fact, he could not successfully interpose the judgment as a plea in bar to an indictment charging him as an accessory after the fact. By means of these several tests it will be seen that the indictment in question charges the commission of more than one crime, and hence the court erred in overruling the demurrer.

3. It is also contended that the court erred in permitting Henry Strickland to testify, over defendant's objection and exception, in substance, that, after Bare had been tried and convicted for killing Scott, he told the witness, in Hinkle's absence, that, in pursuance of an agreement with the latter, he killed Scott in an attempt to rob him ; that he thereupon informed Hinkle of what he had done, and the latter went with him to the scene of the homicide, from which they took the body of their victim to, and deposited it in, a deserted cabin, against which they placed Scott's cart, whereupon they set fire to the building, and, after it was burnt, Hinkle hid the irons from the cart, and killed Scott's mare.    It is urged that, if it be admitted that a conspiracy had been entered into between Bare and Hinkle, in pursuance of which Scott's life was taken, the unlawful enterprise had been fully performed before Bare was tried and convicted, and, while he might have appeared as a witness against Hinkle, his admissions, made after the crime was fully committed, were clearly inadmissible at the trial of his alleged confederate, who, under the organic law of the state, was entitled to meet the witnesses face to face :   Const. Or. art. 1, § 11.   In *State* v. *Magone*, 32 Or. 206 (51 Pac. 452), the point insisted upon was considered and decided as contended for, the court saying :   "The rule is universal that after a conspiracy has terminated, either suc-

33 Or.—7.

cessfully or in defeat, the admissions of one conspirator, by way of recital of past facts, is a confession of his own participation, and they are admissible against himself, but are not admissible against his companions in the unlawful enterprise." In addition to the authorities cited in that case, see, also, as illustrating this principle, the following : Whart. Cr. Ev. § 699 ; *State* v. *Pike*, 51 N. H. 105 ; *State* v. *Arnold*, 48 Iowa, 566 ; *State* v. *Westfall*, 49 Iowa, 328 ; *Lynes* v. *State*, 36 Miss. 617 ; *State* v. *Duncan*, 64 Mo. 262 ; *Strady* v. *State*, 5 Cold. 300 ; *People* v. *Moore*, 45 Cal. 19 : *People* v. *English*, 52 Cal. 212 ; *People* v. *Aleck*, 61 Cal. 137. The admission of the evidence complained of was prejudicial error, and for these reasons the judgment is reversed, and the cause remanded, with instructions to sustain the demurrer, and for such other proceedings as may be necessary, not inconsistent with this opinion.

REVERSED.

Decided at PENDLETON, 13 August, 1898.