Argued November 13, 1917, reversed 'in part, modified in part January 8, modified and rehearing denied March 19, 1918.

## STATE OF OREGON *v.* HYDE.

(169 Pac. 775; 171 Pac. 583.)

**Public Lands—Cancellation of State Deeds—United States as Party Defendant.**

1. Where the General Land Office has accepted deeds running to the United States for the east half of a section involved in suit by the State of Oregon to set aside and cancel state deeds and has approved selection of lieu lands based on the relinquishment of the lands described, the United States is an indispensable party defendant to so much of the controversy as relates to such lands.

**Public Lands—Cancellation of Deed—Purchase of Lands for Benefit of Another—Sufficiency of Evidence.**

2. In the state's suit to set aside and cancel deeds, evidence *held* to show that applications to purchase certain lands involved were not made for the benefit of the applicants, but were for the benefit of another.

**Criminal Law — Declaration of Conspirator — Admissibility Against Co-conspirators.**

3. The declaration of a conspirator made long subsequent to the acts pursuant to the conspiracy is inadmissible in evidence against the declarant's co-conspirators.

**Fraud—Conjectural Proof.**

4. Proof of fraud must not rest on conjecture.

**Public Lands — Cancellation of Deeds — Payment to Innocent Purchaser.**

5. In the state's suit to set aside and cancel state deeds to lands on the ground that the applications to purchase were fraudulently made for the benefit of others than applicants, the trial court improperly made the state's relief conditional on the payment to innocent defendants of $1.25 an acre for the land recovered.

From Hood River: WILLIAM L. BRADSHAW, Judge.

In Banc.

This is a suit brought by the State of Oregon to set aside and cancel state deeds to 1,400 acres of land in Hood River County. The property involved was formerly a part of the state school lands. Plaintiff's allegations are substantially identical with those in the Crook County suit just decided. The record fails to

show that the complaint on which the case was tried was attacked by demurrer. The defendants Hyde and Western Lumber Company answer substantially as in the Crook County suit. The answers of the defendants Jameson, The California Door Company and Palo Alto Land and Livestock Company admit many of the material allegations of the second amended complaint. All of the answers deny that the applications were fraudulent and allege affirmatively that the United States is an indispensable party defendant. The material affirmative allegations of the answers are denied by the replies.

The decree of the Circuit Court was for plaintiff, but it conditioned plaintiff's relief on the payment to the defendant Jameson of $100, to the California Door Company $500, to Western Lumber Company $300, and to Palo Alto Land and Livestock Company $600. The state appeals from so much of the decree as conditions its relief on the payment of these sums of money, and the defendants F. A. Hyde, Charles C. Jameson, the California Door Company, Western Lumber Company and Palo Alto Land and Livestock Company appeal from the remainder of the decree.

REVERSED IN PART.    MODIFIED IN PART.

For plaintiff-appellant there was a brief with oral arguments by *Mr. George M. Brown,* Attorney General, and *Mr. John O. Bailey,* Assistant Attorney General.

For defendant-appellant there was a brief and an oral argument by *Mr. A. C. Shaw.*

McCAMANT, J.—1. It appears that the General Land Office has accepted deeds running to the United States for the east half of section 36, township 1 south, range 8 east of the Willamette Meridian, and has approved

selections of lieu land based on the relinquishment of
the lands above described.  The United States is an
indispensable party defendant to so much of the con-
troversy as relates to this land and as to this land the
decree will therefore be that the suit be dismissed with-
out prejudice.

2. Applications to purchase the remaining thousand
and eighty acres involved were made in the names of
R. T. Judson, S. E. Brady, W. S. Ford and C. H. Ford.
Mr. Judson died in 1904; his widow and two daughters
testify that one of the agents of the defendant Hyde
called at their home and offered them a dollar apiece to
sign away their rights to purchase state lands.  Four
sets of applications and assignments were secured in
that one home.

The parties stipulated that S. E. Brady should be
deemed to have testified that he signed his application
and an assignment of his rights thereunder at the in-
stance of a stranger for a consideration of one dollar.
The application was made for the benefit of someone
else, he paid no part of the purchase price to the state,
signed no notes and never appeared before a notary for
any purpose.

The agent of the defendants Hyde and Schneider who
secured these applications corroborated the above testi-
mony.  It clearly appears that these applications were
not made for the benefit of the applicants, but that they
were secured for the benefit of Hyde.

The testimony of C. H. Ford as to the circumstances
under which he made his application is meager, but he
does testify that he received five dollars for signing the
application and the assignment of his rights thereunder
and that both papers were signed at the same time.
His application is dated August 11, 1898, and his as-
signment to A. S. Baldwin, August 15th of the same

year. A large share of the lands acquired by Hyde and his associates was carried in the name of Baldwin. Taken in connection with plaintiff's clear proof of the conspiracy, we think the testimony as to the C. H. Ford application is sufficient.

3. W. S. Ford was not called as a witness, nor does any other witness testify as to the circumstances under which he applied to purchase state lands. His application was made August 11, 1898, and four days later he assigned his rights thereunder to A. S. Baldwin. He is described in both papers as T. F. Ford, but the irregularity evidently passed the clerk of the State Land Board unnoticed. The affidavit accompanying the application is sworn to before Clarence H. Jones. It is shown that Jones secured several other applications, paying the applicants five dollars apiece for their signatures. The assignment was witnessed by Jones and by a well-known citizen of Portland who was not called as a witness. Plaintiff offered in evidence what purported to be a written statement signed by W. S. Ford in King County, Washington, in 1911. This instrument is spoken of in the briefs as an affidavit, but there is nothing to show that the party before whom it purports to be sworn had authority to administer an oath. The instrument is not attested by an official seal. The signature of W. S. Ford was not proved. The statement was received over the objections of the defendants. The theory of plaintiff seems to be that W. S. Ford was a co-conspirator with Hyde and that his declarations were for that reason admissible against Hyde and the other defendants who participated in the conspiracy. The declaration purports to be made in 1911, which is long subsequent to the acts done pursuant to the conspiracy. The statement is for this reason inadmissible: *Osmun* v. *Winters,* 30 Or. 177, 186.

187 (46 Pac. 780); *State* v. *Tice,* 30 Or. 457, 462, 463
(48 Pac. 367); *State* v. *Magone,* 32 Or. 206, 209 (51 Pac.
452); *State* v. *Hinkle,* 33 Or. 93, 97, 98 (54 Pac. 155);
*State* v. *Aiken,* 41 Or. 294, 299 (69 Pac. 683). It is
inadmissible for the additional reasons that Ford's
signature was not identified and that he was not proved
to be a party to the conspiracy. We cannot consider
this writing.

4. The circumstances surrounding the W. S. Ford
application are suspicious, but we cannot hold that
plaintiff has proved the fraud alleged. Proof of fraud
must not rest on conjecture: 10 R. C. L. 323. In *Troll*
v. *Spencer,* 238 Mo. 81, 102, 103 (141 S. W. 855, Ann.
Cas. 1913A, 276, 283), it is said:

"Fraud is never presumed except there be facts
shown from which it can be inferred. It does not rest
on mere suspicion. The precept is that one is not per-
mitted to give weight to smoke and suspicion is but
smoke."

In *Shebley* v. *Quatman,* 66 Or. 441, 448 (134 Pac. 68),
Mr. Chief Justice McBRIDE says:

"Courts will not presume fraud and will not find
fraud except upon clear and satisfactory testimony."

Other Oregon decisions are to the same effect:
*Coffey* v. *Scott,* 66 Or. 465, 468 (135 Pac. 88); *Way-
mire* v. *Shipley,* 52 Or. 464, 470 (97 Pac. 807); *Scott* v.
*White,* 50 Or. 111, 114 (91 Pac. 487). Plaintiff must
therefore fail as to the property covered by this appli-
cation.

5. For the reasons stated in the opinion in the Linn
County case, the Circuit Court erred in making plain-
tiff's relief conditional on the payment to the inno-
cent defendants of $1.25 an acre for the land recovered.
The other questions presented by this record are de-

termined by the opinion handed down this day in the Crook County case.

The state's judgment for costs will run only against the defendant Hyde in both courts.

It follows that the decree of the lower court is reversed. A decree will be entered here adjudging that plaintiff is the owner of the south half of the southeast quarter, the northwest quarter of the southeast quarter, and the southwest quarter of section 36, township 1 south, range 10 east; the northwest quarter of section 36, township 1 south, range 8 east; and the west half of section 36, township 2 south, range 10 east of the Willamette Meridian. The state deeds to these properties are canceled.

The suit is dismissed with prejudice as to the east half of section 36, township 2 south, range 10 east, and is dismissed without prejudice as to the east half of section 36, township 1 south, range 8 east of the Willamette Meridian.

REVERSED IN PART. MODIFIED IN PART. FURTHER MODIFIED AND REHEARING DENIED.

---

Modified as to description and rehearing denied March 19, 1918.

## PETITION FOR REHEARING.

### (171 Pac. 583.)

On petition for rehearing and motion for modification. Former opinion modified as to description only.

*Mr. A. C. Shaw,* for the petition and motion.

*Mr. George M. Brown,* Attorney General, and *Mr. John O. Bailey,* Assistant Attorney General, *contra.*

In Banc.

McCAMANT, J.—Counsel have pointed out a number of errors in the former opinion for which the

writer is responsible. The suit involved the title to section 16, township 1 south, range 10 east. Applications to purchase this section were made by Harry Davis and Willie Welch. The evidence shows that they were dummy applicants, receiving a dollar apiece for signing such papers as were presented to them by Hyde's agent. They had no thought of purchasing on their own behalf. The evidence fails to show that this land has ever been used as a base for the selection of other property on the public domain. Plaintiff is entitled to have this property restored to it.

In correction of this and other errors, the decree should provide for the dismissal of this suit without prejudice as to the southeast quarter of section 36, township 1 south, range 8 east, and the dismissal with prejudice as to the east half of section 36, township 2 south, range 10 east. The state deeds should be canceled and plaintiff adjudged to be the owner of the north half of section 36, township 1 south, range 10 east; section 16, township 1 south, range 10 east; the west half of section 36, township 2 south, range 10 east, and the southwest quarter, the northwest quarter of the southeast quarter and the south half of the southeast quarter of section 36, township 1 south, range 10 east.

The former opinion, when modified as above, is adhered to.          MODIFIED AND REHEARING DENIED.