Argued October 8, affirmed November 8, petition for
rehearing denied December 30, 1968

STATE OF OREGON, *Respondent, v.*
VIRGIL L. SEYDELL, *Appellant.*

446 P. 2d 678

*Quentin D. Steele,* Klamath Falls, argued the cause for appellant. With him on the briefs was Robert Thomas, Klamath Falls.

*James A. Sanderson,* Deputy District Attorney, Klamath Falls, argued the cause for respondent. With him on the brief were Sam A. McKeen, District Attorney, and Del Parks, Deputy District Attorney, Klamath Falls.

Before McALLISTER, Presiding Justice, and O'CON-NELL and DENECKE, Justices.

O'CONNELL, J.

This is an appeal from a judgment of conviction of the crime of obtaining money by false pretenses (ORS 165.205).

On the morning of May 19, 1966, defendant reported to the Klamath Falls City Police Department that his house had been burglarized. When the police made their investigation defendant reported to them the items he contended had been taken. Defendant was insured against loss by burglary under a policy issued

by General Accident Fire and Life Insurance Corporation. Defendant presented to the insurance company a proof of loss stating his claim for reimbursement for items alleged to have been taken in the burglary. The indictment charged that defendant attempted to obtain money by false pretenses, specifically charging that defendant, with intent to defraud, presented to the insurance company a proof of loss which contained false items and wrongful charges which defendant knew to be false.

At the trial the court, over objection, allowed the state's witness to testify as to conversations which he had with defendant subsequent to the time of the crime charged in which (1) defendant had stated, in effect, that he had previously burned a building in Portland to obtain insurance money; (2) he had indicated that he owned another home which he wanted to burn for the insurance money that he would get out of it, and (3) he had asked the witness to burn certain trucks for the purpose of obtaining money from the insurance company under defendant's policy.

Defendant contends that the testimony should have been excluded on several grounds which he summarizes as follows:

> "Evidence of prior crimes, to be admissible, must be of the same nature as that for which the defendant is being tried. Arson, being a crime of force against property, cannot be of the same nature as a crime involving false pretenses. Furthermore, such other crimes must be closely connected in place and time to the crime for which the defendant is being tried."

The admission of the evidence of defendant's intent to burn the house in Klamath Falls and the trucks is attacked on the ground that it was irrelevant in that

it would not show defendant's state of mind at the time of the commission of the acts charged in the indictment and on the ground that evidence of other crimes is not admissible where it is introduced simply to show defendant's general bad character or his propensity to commit crime.

■■ Defendant's argument is without merit. Defendant's conversation with the witness concerning the burning of the house in Portland indicated that defendant's purpose in doing so was to obtain money unlawfully from his insurance company. He had the same purpose in mind when he considered burning other property. The evidence of his purpose on the previous occasions to unlawfully obtain insurance money is strongly probative of defendant's purpose to unlawfully obtain insurance money by staging a fake burglary. This evidence was not, as defendant contends, relevant only to show that he was a bad man; it was relevant to show that defendant had an unlawful purpose in mind when he filed the proof of loss after the alleged burglary. As McCormick on Evidence, § 157, p. 327 (1954) points out, "There are numerous other purposes for which evidence of other criminal acts may be offered, and when so offered the rule of exclusion [i.e., the rule excluding evidence of other crimes to show bad character] is simply inapplicable." One of the purposes for which such evidence is admissible is "[t]o show, by similar acts or incidents, that the act on trial was not inadvertent, accidental, unintentional or without guilty knowledge."[1] *Id.* at p. 329. This describes the purpose for which the evidence was relevant in the present case.

---

[1] *Accord,* State v. McClard, 81 Or 510, 160 P 130 (1916). See also, Lacy, Admissibility of Evidence of Crimes not Charged in the Indictment, 31 Or L Rev 267 (1952).

■ Defendant's contention that the events related by the witness were not closely connected in place and time is also without merit. We see no significance in the fact that the previous unlawful purpose was formed or was carried out at a remote place. The house in Portland was burned in 1962. Defendant's desire to burn the other property arose later. Defendant's conversation with the witness took place in July, 1966, the same month in which the crime charged in the indictment was allegedly committed. It was at that time that defendant solicited the witness' aid in burning the trucks. We regard all of the evidence sufficiently related in time to preserve its relevancy.

■ Defendant also contends that the evidence was not sufficient to warrant a verdict of guilty and that, therefore, his motion for a judgment of acquittal should have been granted. We are of the opinion that the evidence was sufficient to support the verdict.

The judgment of the trial court is affirmed.