Argued January 20, affirmed February 11, 1971

# STATE OF OREGON, *Respondent, v.*
# KENNETH KOLILI POMROY, *Appellant.*

480 P2d 450

*James T. Marquoit,* Portland, argued the cause for appellant. With him on the brief were Maizels & Marquoit, Portland.

*Jacob B. Tanzer,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

THORNTON, J.

Defendant was convicted by a jury of the crime of conspiracy to commit a felony (second degree arson). ORS 161.320.[1] He appeals, contending that the trial court erred (1) in allowing the state to introduce testimony relating to an alleged crime attributable to defendant which was "irrelevant" to the crime charged in the indictment; and (2) in failing to direct a verdict at the conclusion of the trial, because the indictment failed to describe the object of the conspiracy with sufficient specificity.

At the trial the state offered evidence and testimony which, *inter alia,* showed (1) that defendant and others were involved in a strike against Fry Roofing Company; and (2) that in an attempt to further the objectives of the strike by illegal means, defendant conspired with others involved in the strike effort to

[1] ORS 161.320 provides:

"If two or more persons conspire to commit any felony defined and made punishable by the laws of this state and one or more of the parties does any act to effect the object of the conspiracy, each of the parties to the conspiracy, upon conviction, shall be punished by imprisonment in the state penitentiary for not more than three years or by a fine of not more than $1,000, or both."

set fire, by use of fire bombs, to the Volney Felt Mills, Inc., property owned by the Lloyd A. Fry Roofing Company. In the course of defendant's trial for this crime, the state introduced testimony from which the jury could have inferred that defendant had, about a month before the incident, been involved in setting fire, by use of a fire bomb, to an automobile owned by a strikebreaker working at the Volney Felt Mills. Defendant's counsel objected to the testimony on the ground that the burning of the strikebreaker's car was irrelevant to the crime charged in the indictment. The objection was overruled and the testimony was admitted.

■ Proof of other crimes, wholly independent of the offense charged, is usually inadmissible: *State v. Long*, 195 Or 81, 112, 244 P2d 1033 (1952). However, such evidence is admissible if the commission of the offense not charged in the indictment is so related to or connected with the crime charged as to establish intent, motive, similar plan or similar method of operation, etc. *Matthews v. United States*, 407 F2d 1371, 1381 (5th Cir 1969), *cert denied* 398 US 968, 90 S Ct 2177, 26 L Ed 2d 554 (1970); *United States v. Iacullo*, 226 F2d 788, 793 (7th Cir 1955), *cert denied* 350 US 966, 76 S Ct 435, 100 L Ed 839 (1956). Both of the last two cases cited involved indictments charging criminal conspiracy.

In *State v. McDonald*, 231 Or 24, 361 P2d 1001 (1961), *cert denied* 370 US 903, 82 S Ct 1247, 8 L Ed 2d 399 (1962), a defendant was charged with bombing delivery trucks in furtherance of a strike. The defendant objected to testimony introduced at trial which tended to prove that he had participated with another in planting a stink bomb in a drugstore located in the employer's building. The Supreme Court

ruled that the testimony was admissible because the testimony concerned a

"* * * [P]articular act [which] was a part of the overall design to make more effective the strike against the newspaper.

"* * * Evidence which shows the commission of other or collateral crimes is always admissible if this other evidence tends 'to show motive, design or purpose for the crime charged' * * *." 231 Or at 46.

■ In the case at bar, the testimony concerning the burning of the strikebreaker's car was admissible because it tended to show motive, design and purpose for the crime charged, as well as a similar plan or method of operation. This conclusion is fully consistent with the principles discussed and applied in the cases cited by defendant.

Defendant's second assignment of error charges that the trial court erred in failing to direct a verdict at the conclusion of the trial. Defendant contended that the motion for directed verdict should have been granted because the indictment failed to describe the object of the conspiracy with sufficient specificity.

■ A challenge directed at the specificity of an indictment must be raised by demurrer at the time of arraignment or it is waived. *State v. Hunt,* 3 Or App 634, 637, 475 P2d 596 (1970). Defendant failed to demur and the issue was first raised by motion for directed verdict. By failing to demur, defendant waived his right to challenge the specificity of the indictment.

Affirmed.