Argued September 17, affirmed November 18, 1974

STATE OF OREGON, *Respondent, v.* ROBERT LEE DAVIS (No. 15-523), *Appellant.*

528 P2d 117

*Darrell E. Bewley,* Portland, argued the cause for appellant. With him on the brief were Francis F. Yunker, Portland, and J. B. Smith, Aloha.

*Timothy Wood,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

TANZER, J.

Defendant appeals from his conviction for first

degree robbery of a food store. He contends that the trial court erred in admitting evidence of other crimes and of a coconspirator's inculpatory statement.

The facts are that the defendant and others discussed ways to obtain money and they decided to break into some public telephones. They went out together that evening and made several unsuccessful attempts to do so. On the way back home empty-handed, they decided to rob a grocery store. While the defendant and others waited in the car, Kenneth Lindsley went into the store, forcibly took the cash in its tray from the register and returned it to the car. The group then returned to the apartment where they divided the money. The defendant suggested that they wipe the fingerprints from the tray and told them that "if anybody got caught not to tell on anybody else."

The next day, outside defendant's presence, Kenneth Lindsley told his brother, Randy, that he, the defendant and two others had robbed the grocery store. Later that day, the Lindsley brothers and another of the group decided to get rid of the cash tray and did so by throwing it from a bridge.

After the arrest of Kenneth Lindsley, as the police searched his room, the defendant concealed the clothes that had been worn at the robbery and he told Randy Lindsley and another of the robbery group to be sure they disposed of them.

■■ Evidence that the defendant and his companions earlier on the evening of the crime decided and attempted to obtain some money by breaking into telephone boxes was relevant to show that defendant participated in a common scheme to obtain money by illegal means, of which the robbery was a part. It

showed intent, plan, combination and motive. Such evidence is admissible unless its probative value is outweighed by its potential prejudice. *State v. Williams,* 16 Or App 361, 518 P2d 1049, *rev den* (1974); *State v. Pomroy,* 4 Or App 564, 480 P2d 450 (1971). The trial court weighed the relevant factors and allowed the evidence. We find no abuse of discretion.

Defendant next claims that the trial court erred in allowing Randy Lindsley to testify as to the incriminating statement by his brother, Kenneth. The act of one conspirator is the act of all because of the common bond of agency between those who combine for a joint purpose. Hence, an incriminating extra-judicial statement by a conspirator is admissible against another conspirator if made in the course of the conspiracy. ORS 41.900 (6);[1] *State v. Weitzel,* 157 Or 334, 69 P2d 958 (1937); *State v. Ryan,* 47 Or 338, 82 P 703 (1905). If the conspirators have achieved or abandoned its objective and the conspiracy has therefore terminated, then the link of agency no longer exists and such a statement would be mere hearsay. *State v. Aiken,* 41 Or 294, 69 P 683 (1902); *State v. Hinkle,* 33 Or 93, 54 P 155 (1898); *State v. Magone,* 32 Or 206, 51 P 452 (1897). Therefore, we must decide whether Kenneth Lindsley's statement was made during the course of the conspiracy.

The objective of a conspiracy to rob is to successfully take something of value and to convert it to the use of the conspirators. To do so successfully

---

[1] ORS 41.900 (6) provides:

"Evidence may be given of the following facts:

"(6) After proof of a conspiracy, the declaration or act of a conspirator against his coconspirator, and relating to the conspiracy."

means to escape detection and arrest, as is here illustrated by the defendant's telling others to wipe fingerprints off the tray and to dispose of the clothes worn during the robbery. The conspirators are deemed to contemplate that each conspirator will do acts calculated to achieve those conspiratorial objectives. The conspiracy continues until the objectives are achieved or abandoned and those acts are completed. *See State v. Gardner,* 225 Or 376, 384-385, 358 P2d 557 (1961); *State v. Garrison,* 16 Or App 588, 519 P2d 1295, *rev den* (1974). Its duration extends "beyond the commission of the principal crime to include concomitant and closely connected disposition of its fruits or concealment of its traces * * * as in the case of police officers engaged in writing up a false report to conceal police participation in a burglary or disposal of a body after a murder." McCormick, Evidence (2d ed) 646 (footnotes omitted). The disposal of the cash tray was such a concomitant, closely connected act. Therefore, a statement by a conspirator made prior to the disposal of the cash tray was made during the course of the conspiracy and is admissible against a coconspirator.

■ This is not to say that a perpetual conspiracy to forever avoid detection can be inferred from agreement to do a criminal act. The distinction must be drawn between (1) those affirmative acts of concealment directly related to the substantive crime of a nature within the contemplation of the conspirators, and (2) those general acts of concealment, by silence or by reaction to police activity, which occur after the primary objectives of the conspiracy have been achieved and the acts directly in furtherance of those objectives

have been performed.[⊗]  Here, the disposal of the cash tray is within the former class; the concealment of the clothes during the search incident to Kenneth Lindsley's arrest might be considered to be within the latter class, although that is a closer question which we need not here decide.[⊗]

We note in passing that Kenneth Lindsley testified he, with the defendant and others, robbed the grocery store. There is no error. *State v. White,* 48 Or 416, 427, 87 P 137 (1906).

Affirmed.

---

[⊗] Although federal law bars vicarious evidence of the latter, *Lutwak v. United States,* 344 US 604, 73 S Ct 481, 97 L Ed 593 (1952); *Krulewitch v. United States,* 336 US 440, 69 S Ct 716, 93 L Ed 790 (1949), the state may formulate its own rule, *Dutton v. Evans,* 400 US 74, 91 S Ct 210, 27 L Ed 2d 213 (1970).

[⊗] The limitation of the duration of the conspiracy to those acts directly relating to the substantive crime is harmonious with ORS 161.465 which provides:

"For the purpose of application of ORS 131.125 [the statute of limitations.]:

"(1) Conspiracy is a continuing course of conduct which terminates when the crime or crimes which are its object are completed or the agreement that they be committed is abandoned by the defendant and by those with whom he conspired.

"(2) Abandonment is presumed if neither the defendant nor anyone with whom he conspired does any overt act in pursuance of the conspiracy during the applicable period of limitation.

"* * * * *."

The Commentary to the Proposed Criminal Code, p. 63, makes clear that the statute was to affect the limitation upon prosecution, but was not to affect the rules of evidence which are to be formulated upon different considerations.