Argued May 23, affirmed July 8, reconsideration denied
August 20, petition for review denied September 16, 1975

# STATE OF OREGON, *Respondent, v.*
# LYNN ALAN HOLMES (No. 73 1175), *Appellant.*

537 P2d 566

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FORT, J.

This case was previously before this court in 1974, and reported as *State v. Holmes,* 17 Or App 464, 522 P2d 900 (1974). In that proceeding defendant was indicted and convicted on two counts of criminal activity in drugs (ORS 167.207), Count I alleging knowing and unlawful possession of amphetamine, and Count II alleging knowing and unlawful possession of less than one ounce of marihuana. We reversed that conviction on grounds not relevant to this appeal. *See: State v. Holmes,* supra. Defendant was thereupon retried on the same indictment, and again convicted on both counts. He was placed on five years' probation as a result of his conviction on Count I, and sentenced to 60 days in the Lane County jail on Count II.

We set forth the facts at some length in our previous opinion and see no need to repeat them here. The following statement suffices.

Defendant and a female companion, Rebecca Jean Miller, were standing near a parked automobile. As Officer Egeter of the Springfield Police Department approached, he observed defendant apparently passing

something from his left shirt pocket to Miss Miller, who in turn apparently placed the item in her coat pocket. With Miss Miller's consent, Officer Egeter removed vials and a plastic bag from her coat pocket, all containing what was later identified as amphetamines. A search of defendant revealed a cannister identified by the officer as marihuana and a small plastic vial with white powder residue on the sides and bottom. The latter was later identified as amphetamines.

Defendant was thereupon arrested for criminal activity in drugs. At that point, Officer Egeter examined defendant's physical person and found needle marks on his right arm. He testified to this fact at trial, over defendant's timely objection.

Defendant in his first assignment of error contends that the evidence of the needle marks should have been excluded as an impermissible reference to another crime. The state contends that the admission of such evidence is allowable to prove knowledge and/or motive on the part of defendant.

■ The general rule is that the state may not offer evidence that the defendant committed crimes other than that for which he is charged, *State v. Fleischman,* 10 Or App 22, 495 P2d 277, Sup Ct *review denied* (1972). Exceptions to the rule are recognized, however, when (a) such evidence is independently relevant to prove motive, intent, absence of mistake or accident, common scheme or plan, identity of the defendant, or any other relevant fact pertaining to the offense for which he is charged, and, in addition, (b) the probative value of such evidence outweighs the prejudice to defendant in introducing the "other crimes" evidence, *State v. Pomroy,* 4 Or App 564, 480 P2d 450 (1971); *State v. Lehmann,* 6 Or App 600, 488 P2d 1383 (1971); *State v. Williams,* 16 Or App 361,

518 P2d 1049, Sup Ct *review denied* (1974); *State v. Davis,* 19 Or App 446, 528 P2d 117 (1974).

Defendant relies heavily on the recent decision of our Supreme Court in *State v. Manrique,* 271 Or 201, 531 P2d 239 (1975). In that case the defendant was charged with criminal activity in drugs for the sale of heroin. In connection with the crime charged, the state introduced evidence that an undercover police officer paid defendant for heroin, and defendant subsequently placed heroin in the officer's coat pocket. In addition, the state was allowed to show that another undercover officer had made prior purchases of heroin from the defendant. The Supreme Court reversed the defendant's conviction on the ground that the trial court erroneously admitted testimony concerning these prior criminal transactions.

Several aspects of the *Manrique* opinion are noteworthy. First, the Supreme Court rejected the view that the trial judge's decision on the admissibility of "other crimes" evidence, made after balancing the probative value thereof against the possible prejudice to defendant, is not to be overturned on appeal unless "clearly wrong." While pointing to the need for more definite appellate guidelines than can be formulated under such a standard, the court still recognized that the balancing test is flexible, and not amenable to the imposition of rigid rules.

Secondly, it is important to note the precise basis of the court's decision excluding the evidence of prior heroin sales. The court first examined two exceptions to the "other crimes" rule not applicable in this case ("common scheme or plan" and "identity"), and found that their requirements were not met in the context of the *Manrique* facts. Then, recognizing that the exceptions to the rule against "other crimes" evidence should be restricted by the underlying rationale for

such exceptions, the court considered whether the evidence could be·admitted to prove "access to heroin" or "sale of heroin." The answer was "No."

> "* * * In our view, however, the probative weight of the evidence of three sales of drugs more than one month before to a different person, and without other identifying characteristics, is outweighed by the danger of prejudice from the likelihood, again, that the jury would simply infer that because defendant made three previous sales of heroin he was a 'bad man' and thus was also guilty of the subsequent sale, as charged.

> "As stated in *United States v. Crawford,* 438 F2d 441, 446 (8th Cir 1971):

>> " '* * * In today's society, possibly no act is more abhorred than the selling of narcotics. And nothing makes it more difficult for a defendant to receive a fair and unbiased trial than for the jury to think that the defendant or his acquaintances are men of bad character. * * *' " 271 Or at 212.

In applying the probative value versus prejudice test to the facts in the present case, we note significant differences from the situation in *Manrique.*

■ While the "other crimes" evidence sought to be introduced in *Manrique* was largely cumulative in view of the unequivocal evidence of a heroin sale by defendant to the undercover officer, such evidence in the case at bar had substantial independent and unique relevance to the very crime charged in Count I. The vial actually found on defendant's person contained only traces of amphetamine. This fact, without further evidence, could have led the jury to the conclusion that the state had failed to prove beyond a reasonable doubt the "knowledge" element of the crime charged. Indeed, defendant's counsel made reference to this state of affairs in his closing argument. While

it is true that defendant put on no witnesses and thus did not affirmatively contest the knowledge element, the state nonetheless had the burden of proving the crime charged, and thus each of its material elements, beyond a reasonable doubt. The evidence of needle marks on defendant's arm thus supplied critical probative weight to the state's case.

As to the other side of the balancing equation, we find a somewhat lesser danger of jury prejudice towards defendant herein vis-a-vis the defendant in *Manrique*. The inference that an individual is a *seller* of narcotics is likely to a jury to prove more devastating than an inference that he is a mere *user* of narcotics. There is no contention that defendant was a seller here.

■ Furthermore, when, as here, the charge is possession of amphetamine, a drug which may be taken by injection, needle marks on an arm of the defendant do not come within the category of proof of a different crime. We hold that the needle marks are admissible in such a case as is any other circumstantial evidence.

■ For these reasons, we hold that the needle marks on defendant's arm were admissible to show motive and thus intent on the part of defendant to commit the offense alleged. *Cf., State v. Seydell,* 252 Or 160, 446 P2d 678 (1968); *State v. O'Brien,* 6 Or App 34, 485 P2d 434, 486 P2d 592 (1971), *affirmed* 262 Or 30, 496 P2d 191 (1972); *State v. Pomroy,* supra.

■ Defendant also contends that the prohibition against double jeopardy was violated when the trial court allowed two exhibits (the two vials containing amphetamines) to be considered by the jury as substantive evidence of guilt, inasmuch as in the previous trial the judge had instructed the jury that the exhibits were, as a matter of law, insufficient to estab-

lish defendant's guilt. This argument is foreclosed by our recent decision in *State v. Gaylor,* 19 Or App 154, 527 P2d 4 (1974), wherein we held that the reversal of a criminal conviction and remand for new trial vitiates the jeopardy appurtenant to the first trial. There was no error.

Affirmed.