Argued July 24, affirmed September 22, reconsideration denied
October 29, petition for review denied November 18, 1975

## STATE OF OREGON, *Respondent, v.* GEORGE IDELL GREENWOOD (No. C 74-07-2330 Cr), *Appellant.*

540 P2d 389.

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Janet A. Metcalf,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

LEE, J.

Defendant was convicted of murder under ORS 163.115(1)(c).[1] Defendant admitted that he, along with a Ray Charles Maple, burglarized the residence of Monica Avio on July 25, 1974. During the course of the burglary, in which a stereo and credit cards were taken, Mrs. Avio was killed by a gunshot. Defendant claims that Maple fired the shot.

After the burglary and shooting, defendant picked up two women, a Miss Ray and a Miss Gravitte, and asked them to use the credit cards stolen from the Avio residence to purchase items the defendant could sell to buy narcotics. The women complied. The state's

---

[1] ORS 163.115(1)(c) provides:

"(1) Except as provided in ORS 163.125, criminal homicide constitutes murder when:

"* * * * *

"(c) It is committed by a person, acting either alone or with one or more persons, who commits or attempts to commit arson in the first degree, burglary in the first degree, escape in the first degree, kidnapping in the first degree, rape in the first degree, robbery in any degree or sodomy in the first degree and in the course of and in furtherance of the crime he is committing or attempting to commit, or the immediate flight therefrom, he, or another participant if there be any, causes the death of a person other than one of the participants."

evidence was that on the day of the homicide, Ronald Mays went to Maple's residence where Mays testified he saw Maple, two women, and the defendant. Mays said that when he arrived, Maple and the defendant were counting "some money." After defendant and the two women departed, Maple told Mays that the money had come from a burglary during which the defendant had shot a woman. The next day after the homicide, defendant used a record player taken from the Avio residence as a down payment for an automobile.

██ Defendant claims that the trial court erred in admitting that part of May's testimony in which he said Maple told him that defendant had shot a woman in the course of burglary. ORS 41.900 provides:

"Evidence may be given of the following facts:
"*    *    *    *    *

"(6) After proof of a conspiracy, the declaration or act of a conspirator against his coconspirator, and relating to the conspiracy.

"*    *    *    *    *."

The duration of conspiracy extends beyond the commission of the principal crime to include concomitant and closely connected disposition of its fruits or concealment of its traces. *State v. Davis,* 19 Or App 446, 528 P2d 117 (1974); *State v. Gardner,* 225 Or 376, 384-85, 358 P2d 557 (1961). Just prior to Maple's statement, Maple and defendant were observed counting money. It was not until the following day that the stolen stereo was used in partial payment on a car. The credit cards were, so far as the record shows, still in possession of the defendant and Maple or the women. The intent to continue using the credit cards is inferable. There was further testimony by Miss Gravitte that the defendant and Maple were upset because there were some checks missing.

We agree with the trial judge that the conspiracy was continuing at the time that Maple's statement was made to Mays and, therefore, the statement was admissible under ORS 41.900(6).

■ Although the defendant admitted his participation in the burglary, he denied his complicity in the felony-murder. The thrust of the defendant's affirmative defense was that he attempted to prevent Maple, his accomplice, from shooting the victim, Mrs. Avio.

Defendant's challenge to the constitutionality of the "affirmative defense" provisions of ORS 161.055 (2) and 163.115(2) is not before us because defendant failed to raise this issue at the time of trial. We will not consider here what was not timely presented to the trial court for its ruling. *State of Oregon v. Nodine,* 198 Or 679, 686, 259 P2d 1056 (1953); *State v. Stone,* 111 Or 227, 232, 226 P 430 (1924).

Affirmed.