STATE OF OREGON, *Respondent,*

*v.*

THOMAS HENRY PITTS, *Appellant.*

(No. C 76-07-10055, CA 7093)

566 P2d 182

James A. Redden, Attorney General, W. Michael Gillette, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, for petition.

No appearance contra.

SCHWAB, C. J.

[ 1 ]

**SCHWAB, C. J.**

In our previous opinion in this case, *State v. Pitts,* 29 Or App 59, 562 P2d 562 (1977), we held that the trial court committed prejudicial error by improperly admitting evidence of certain acts and statements of the defendant who was charged with committing arson by setting a garage afire. In its petition for reconsideration, the state contends that our decision holding inadmissible evidence that defendant had set afire mounds of grass earlier on the same day when the garage was burned was based on the faulty assumption that the grass fires were set in the afternoon as opposed to the evening. In support of this contention the state relies on testimony of a Mrs. Greiss. The record is:

"[PROSECUTOR]: Mrs. Greiss, there's been an agreement between the parties that around, between eight and nine o'clock that evening you had an argument. There was an argument between yourself and Mr. Pitts, the defendant, in which after the argument he left the house; is that correct?

"Right.

"Q    Okay. There is also, and after he left at about that time, did you at a later time see him in the backyard, your backyard, building some grass mounds and having some matches in his hand?

"A    One of the kids told me that he was out there. They came and told me.

"[DEFENSE ATTORNEY]: Objection, Your Honor.

"THE COURT: The objection is sustained. The jury will disregard that. Remember we talked about heresay [sic]. You didn't see that yourself?

"THE WITNESS: No.

"THE COURT: Completely disregard that, ladies and gentlemen. That's like telling you not to hear a bell that's been rung. We talked about heresay [sic] before. A couple of you are mixed up on that. That is unpermissable [sic]. Ever since they executed Sir Walter Riley [sic] because they accused him of something that was said, we've had this rule against heresay [sic]. We spend the

first year at law school talking about nothing but the hazards of heresay [sic].

"Disregard that statement completely."

We do not consider this statement as evidence.

Furthermore, the evidence indicates that three arguments occurred between defendant and individuals in and around the Greiss house on the day of the fire. It is not clear whether the grass fires occurred between the first and second arguments, which would be sometime in the afternoon, or between the second and third arguments, which would be sometime in the evening, although the evidence indicates that it probably occurred between the first and second arguments.

Even assuming that the fires were set in the evening, however, our decision would remain the same. As we noted in our original opinion, the question whether evidence of the grass fires was admissible brings into play the general rule that evidence that a person has engaged in certain conduct is not admissible to prove that he engaged in similar conduct at another time. *See State v. Manrique,* 271 Or 201, 531 P2d 239 (1975). In order for such evidence to be admissible, it must be established that the probative value of the evidence exceeds the danger of prejudice. The state contends that the evidence of the grass fires is relevant to show that "defendant began to relieve his aggressions by setting fires" following an argument with his landlord, but before the argument which culminated in defendant's being evicted. However, as we noted before:

> "Here the record is silent as to what purpose, if any, was served by the grass fires, though it seems most likely that they were designed more in the way of a childlike game than to achieve the same destructive result as the garage fire. Further, the grass fires were set in the presence of others * * * by touching lit matches to mounds of grass, and were apparently extinguished or allowed to be extinguished by the defendant. The garage fire, on the other hand, was set surreptitiously by igniting gasoline in the middle of the night, and was

intended to demolish the garage * * *." *State v. Pitts,
supra at 64.*

We conclude that the probative value of the evidence of the grass fires—even if they were set in the evening—is low, and that the potential that the evidence prejudiced the jury is high.

Former opinion adhered to; petition for reconsideration denied.