573 P.2d 515

STATE of Arizona, Appellee,

v.

Gregory Nunez JOVENAL, Appellant.

No. 1 CA–CR 2361.

Court of Appeals of Arizona,
Division 1,
Department A.

Nov. 1, 1977.

Rehearing Denied Dec. 6, 1977.

Review Denied Jan. 4, 1978.

Bruce E. Babbitt, Atty. Gen., by Gregory A. McCarthy, Asst. Atty. Gen., Phoenix, for appellee.

Eugene A. Burdick, Phoenix, for appellant.

OPINION

HAIRE, Judge.

Appellant Gregory Jovenal was found guilty of possession of heroin, a felony, by a Maricopa County jury in September of 1976. Imposition of sentence was suspended and appellant was placed on probation for three years. He has appealed from the conviction and sentence, raising two questions.

The first question is whether the trial court erred in allowing testimony by the arresting officer concerning needle track marks found on appellant's arm.

Appellant's arrest followed the execution of a search warrant by Phoenix police officers on the residence of Harold Rodriguez, a friend of appellant. Approximately one minute after the police officers gained entrance to the residence, they observed two men emerging from a small storage room located to the rear of the residence lot. The first individual was Rodriguez, and the second was appellant. At that time appellant was observed to be holding a Doublemint gum package with both hands in front of him, in such a manner as to suggest that he was trying to place something inside the gum package. While Rodriguez was being arrested, appellant stepped back to the storage room entrance where he was observed "doing something [with his hands] by the west door jamb area within the storage room." Shortly thereafter an officer found a Doublemint gum package on the floor of the storage room in the area described. It contained five sticks of gum and two tinfoil packets of heroin within a gum wrapper.

In response to questions raised at trial concerning any physical examination which the officers made of appellant at the scene, the police officers testified that appellant was asked to open his mouth and blow his breath, and that the scent of Doublemint gum was present on his breath. In addition, there was testimony that appellant's hands and arms were examined for the purpose of discovering physical signs of narcotic use, particularly needle tracks, and that he appeared to have needle puncture marks on the inner part of his right arm.

■ We find no error in the admission of this evidence. On a charge of possession, evidence that the accused has puncture marks on his arm reflecting the use of the narcotic which he is accused of possessing is competent circumstantial evidence which may be considered along with other physical evidence in determining whether he in fact possessed the narcotics involved. *State v. Shepherd*, 27 Ariz.App. 448, 555 P.2d 1136 (1976); *Johnson v. State*, 343 So.2d 110 (Fla. App.1977); *State v. Holmes*, 22 Or.App. 23, 537 P.2d 566 (1975); *Brooks v. State*, 438

P.2d 25 (Okl.Cr.App.1968); *People v. Gin Hauk Jue*, 93 Cal.App.2d 72, 208 P.2d 717 (1949); *State v. Thomas*, 329 So.2d 704 (La. 1976). *Cf. State v. Saiz*, 106 Ariz. 352, 476 P.2d 515 (1970). Such evidence does not violate the rule against presenting evidence of other crimes. *Johnson v. State, supra*; *State v. Holmes, supra*.

We can perceive of no logical reason to distinguish the question here involved from that relating to the admission of physical evidence consisting of narcotics paraphernalia found in a defendant's possession. *State v. Saiz, supra*; *State v. McFall*, 103 Ariz. 234, 439 P.2d 805 (1968). In both instances, the evidence has relevancy as circumstantial evidence tending to connect with the narcotics involved, and as tending to show that defendant knew of the narcotics' presence and its identity as a narcotic. In our opinion any possibility of undue prejudice to the defendant is outweighed by the obvious relevancy of this type of physical evidence on a charge of possession.

Appellant's second contention is that the trial court erred in allowing the jury to take a transcript of his testimony into the jury room. The facts pertinent to this contention are as follows.

During deliberations, the jury passed the following question to the court:

"What did the defendant testify in regard to the time of day that he was at the liquor store?"

Discussion was had in chambers between the court and respective counsel concerning the jury's request. The court then had the defendant's trial testimony transcribed. It appeared that the testimony did not contain a direct answer to the jury's question. The trial judge was of the opinion that any answer which he might give to the jury indicating what was, or was not, reflected in the defendant's testimony, would constitute an impermissible comment on the evidence. He therefore, over defense counsel's objections to having the defendant's testimony read or otherwise presented to the jury, decided to give a complete transcript (eight pages) of defendant's testimony to the jury.

Rule 22.3, Arizona Rules of Criminal Procedure, 17 A.R.S., relating to jury requests for repetition of testimony or additional instructions, states:

"After the jurors have retired to consider their verdict, if they desire to have any testimony repeated, or if they or any party request additional instructions, the court may recall them to the courtroom and order the testimony read or give appropriate additional instructions. The court may also order other testimony read or give other instructions, so as not to give undue prominence to the particular testimony or instructions requested. Such testimony may be read or instructions given only after notice to the parties."

Appellant's counsel points out that this rule leaves to the discretion of the court whether or not to *read* to the jury pertinent requested trial testimony, and further that the trial court, in its discretion, may also have other testimony *read* so as not to give undue prominence to the particular testimony requested. Obviously the rule itself does not specifically authorize the trial judge to furnish a written transcript of any testimony to the jury when it retires for further deliberation. We have not found any Arizona case law relating to this question, but we do note that former Criminal Rule 280 expressly excepted depositions from the exhibits in evidence which might be taken into the jury room for use by the jury in its deliberations.[1] The modern counterpart to former Criminal Rule 280 has dropped the express exclusion of depositions, and provides, in pertinent part:

"Upon retiring for deliberation the jurors shall take with them:

\*   \*   \*   \*   \*   \*

"d. Such tangible evidence as the court in its discretion shall direct." (Rule 22.2, Arizona Rules of Criminal Procedure).

Case law from other jurisdictions generally holds that it is improper to give the jury partial transcripts of the testimony, reasoning that undue emphasis is placed on the testimony thus made available in written form. *State v. Wilson*, 188 Kan. 67, 360 P.2d 1092 (1961); *State v. Solomon*, 96 Utah 500, 87 P.2d 807 (1939); *Commonwealth v. Ware*, 137 Pa. 465, 20 A. 806 (1890); *cf. State v. Payne*, 199 Wis. 615, 227 N.W. 258 (1929). *Contra, State v. Rubaka*, 82 Conn. 59, 72 A. 566 (1909).

Separate and apart from the foregoing, and as an additional reason supporting his contention that it was error for the trial court to submit a transcript of his testimony to the jury, appellant asserts that by giving the transcript to the jury rather than reading it to the jurors in his presence, his rights pursuant to Rule 19.2, Rules of Criminal Procedure, 17 A.R.S.[2] were violated. *See also, State v. Armenta*, 112 Ariz. 352, 541 P.2d 1154 (1975). In this connection, appellant does not allege that he was not present when the question of submitting the transcript to the jury was discussed and decided.

■ If we were to adopt appellant's arguments in this regard, it would necessitate a holding precluding the availability to the jury of any documentary or other tangible exhibits during its deliberations, since the defendant would not be present in the jury room at such times as the individual jurors might re-read or re-examine such exhibits. Such a holding would be contrary to the provisions of Rule 22.2, *supra*, which allows tangible evidence to be taken into the jury

---

1.  *See also*, A.B.A. Standards Relating to Trial by Jury (Approved Draft 1968) § 5.1, providing in part:

    "(a) The court in its discretion may permit the jury, upon retiring for deliberation, to take to the jury room a copy of the charges against the defendant and exhibits and writings which have been received in evidence, *except depositions*." (Emphasis added).

    The comment to § 5.1 indicates that depositions are ruled out because having the written

testimony available gives that testimony undue prominence and subjects it to more critical analysis than oral testimony receives.

2.  Rule 19.2 provides:

    "The defendant has the right to be present at every stage of the trial, including the impaneling of the jury, the giving of additional instructions pursuant to Rule 22, and the return of the verdict."

room subject to the discretion of the trial court.

■ Although we reject defendant's contention that his right to be present pursuant to Rule 19.2 was violated, we nevertheless find that the submission of the transcript of his testimony to the jury over his objection constituted error and was in violation of Rule 22.3, *supra.*

We next consider whether such error was harmful or prejudicial to defendant's rights so as to require reversal. *State v. Anderson,* 110 Ariz. 238, 517 P.2d 508 (1973); *State v. Mendiola,* 23 Ariz.App. 251, 532 P.2d 193, *aff'd. mem.* 112 Ariz. 165, 540 P.2d 131 (1975). The state contends that any error involved was harmless, inasmuch as the testimony of defendant which was given to the jury was completely exculpatory, and thus could not have prejudiced him in any way, but rather, if anything, would have helped his cause. Appellant responds that this argument ignores that one of the main reasons for not giving a transcript to a jury is that having the defendant's transcript available enables the jury to subject the defendant's testimony to a far greater critical analysis than the analysis given other testimony which is available only from memory.

Appellant's contentions are sound when considered in the abstract. However, when applied to the testimony here involved they lose their appeal. Appellant's testimony was short, simple and direct, and the limited cross-examination failed to develop any inconsistencies. As previously stated, it was completely exculpatory. In our opinion any undue prominence given to such testimony by reason of its availability to the jury could have only been favorable to defendant and not prejudicial.

The conviction and sentence are affirmed.

NELSON, P. J., Department A, and FROEB, C. J., Division 1, concur.