*[655]
 
 TANZER, J.
 

 After a jury trial, defendant was convicted of first degree sodomy and first degree rape. The sole issue on appeal is whether the trial court committed prejudicial error in permitting the prosecution to present evidence that, at the time of his arrest, defendant possessed a forged driver’s license.
 

 The rape occurred on the evening of July 14,1976. The victim, while walking home, accepted a ride from two men in a sports car. After purchasing three quarts of beer and procuring some pills, the men drove the victim to an abandoned hotel in Scotts Mills where they forced her to submit to sexual intercourse and sodomy. Thereafter they threatened harm to her and members of her family if she did not meet them at 3 p.m. the next afternoon. She agreed to do so, and the men then drove her to her home in Portland.
 

 The next day, the victim reported the incident to the police. At 3 p.m. she went with police officers to the appointed meeting place. A short time later defendant and a companion arrived at the scene in a white Ford automobile. Upon seeing the victim in the company of the police, they fled. After a ten-block automobile chase, and a short pursuit on foot, defendant and his companion were apprehended. The men were positively identified by the victim, both at the time of their arrest and at trial. Although defendant presented evidence that he was elsewhere on the night of the rape, his palm print was found on a quart beer bottle recovered near the scene of the crime.
 

 Defendant’s assignment of error is addressed to the admission in evidence over proper objection of the testimony by a deputy sheriff that defendant was found at the time of his apprehension to possess forged identification.
 
 [1]
 

 
 *[656]
 
 Evidence that defendant possessed forged identification at the time of his arrest was admissible only if relevant for some purpose other than to show defendant’s bad character.
 
 [2]
 

 State v. Manrique,
 
 271 Or 201, 531 P2d 239 (1975);
 
 State v. Zimmerlee,
 
 261 Or 49, 492 P2d 795 (1972);
 
 State v. Kelley,
 
 29 Or App 321, 563 P2d 749
 
 rev den
 
 (1977);
 
 State v. Hockings,
 
 29 Or App 139, 562 P2d 587
 
 rev den
 
 (1977);
 
 State v. Holmes,
 
 22 Or App 23, 537 P2d 566
 
 rev den
 
 (1975). The state contends that defendant’s possession of false identification is evidence of his effort to avoid apprehension and is
 
 *[657]
 
 therefore relevant to indicate his consciousness of guilt.
 
 Cf, State v. Jones,
 
 11 Or App 129, 138-9, 500 P2d 1225
 
 rev den
 
 (1972). In Oregon, evidence of flight to avoid arrest is admissible on this theory,
 
 State v. Brown,
 
 231 Or 297, 299-300, 372 P2d 779 (1962);
 
 State v. Redeman,
 
 9 Or App 329, 335 (n 4), 496 P2d 230
 
 rev den
 
 (1972), and the state relies upon cases from other states which have held that assumption of a false name is a form of flight which is therefore admissible.
 
 Rogers v. State,
 
 262 Ind 315, 315 NE2d 707, 712 (1974);
 
 People v. Waller,
 
 14 Cal 2d 693, 96 P2d 344 (1939). There is no fixed rule, however, and each case turns on its facts. McCormick, Evidence 655-6, § 271 (2d ed E. Cleary 1972).
 

 This case does not support such an analysis. Defendant did not know that he was suspected of rape until he observed the police awaiting his arrival at the agreed upon meeting place. It is unreasonable to infer that he acquired false identification in anticipation of his arrest on the rape charge. Nor did defendant use the Washington driver’s license in an effort to avoid arrest. The officer found the license in the course of a search incident to arrest. Defendant’s representation that the license had been issued to him was in response to questioning. It is difficult to perceive how this evidence sheds any light on defendant’s attitude toward the rape charge. We therefore conclude that the testimony relating to defendant’s possession of false identification had no tendency to prove defendant’s consciousness of guilt or any other relevant fact and its admission was erroneous.
 

 Having found error, we must now consider whether defendant was prejudiced thereby. Error may be deemed harmless if there is substantial and convincing evidence of guilt and if we can conclude with reasonable certainty that, absent the error, a different verdict would not have resulted.
 
 State v. Van Hooser,
 
 266 Or 19, 511 P2d 359 (1973);
 
 State v. Hockings,
 
 23 Or App 274, 283, 542 P2d 133
 
 rev den
 
 (1975).
 

 
 *[658]
 
 Typically, the improper admission of evidence of other bad acts is deemed prejudicial because of the extreme likelihood that such evidence will blacken the defendant’s character in the minds of the jury.
 
 See, State v. Bateham,
 
 94 Or 524, 530, 186 P 5 (1919);
 
 State v. Kelley,
 
 29 Or App at 326;
 
 State v. Pitts,
 
 29 Or App 59, 65, 562 P2d 562, 30 Or App 1, 566 P2d 182
 
 rev den
 
 (1977). However, this is not a universal rule. The degree of prejudice that such evidence carries with it varies according to the disapprobation associated with the particular acts and according to the similarity between the character traits revealed by those acts and character traits which are typically associated with the charged offense.
 
 State v. Hockings,
 
 29 Or App 139, 562 P2d 587
 
 rev den
 
 (1977).
 

 In this case, defendant’s possession of false identification, although not innocuous, is not the sort of conduct likely to invoke the jury’s outrage. It reveals nothing about his character which makes it more likely that defendant would commit rape or sodomy. Because defendant did not testify, the evidence did not reflect on his credibility as a witness. Such evidence could tip the scales in a close case, but add little to strong evidence of guilt.
 

 Here, the evidence of defendant’s guilt was compelling. The positive identification by the complaining witness, the presence of defendant’s palm print on a bottle found near the scene of the crime, and defendant’s flight when he returned and saw the police, all allow us to conclude with reasonable certainty that the verdict was not affected by the admission of the improper evidence. We therefore hold that the error was harmless.
 

 Affirmed.
 

 [1]
 

 "Q [by the prosecutor] I ask that you be handed, through the courtesy of the bailiff, what has been marked State’s Exhibit # 10 for identification. Do you recognize this?
 

 
 *[656]
 
 "A Yes, I do.
 

 "Q What is it?
 

 "A It’s a Washington driver’s license.
 

 "Q Did you have any conversation with the defendant about that?
 

 "A Yes. I asked if it was his and he stated it was.
 

 "Q And what name was on the license?
 

 * * * *
 

 "A Daniel Clifford Eaton.
 

 "Q What did the defendant say about that name and license? ‡ ‡
 

 "A Said it was his driver’s license.
 

 "Q Did he give you an address?
 

 "A Yes.
 

 "Q What was that address?
 

 "A 12711 N. E. 42nd Avenue, Vancouver, Washington.
 

 "Q Did he affirm that that was his address?
 

 "A Yes.
 

 "Q Did this license have a photo on it?
 

 "A Yes, it does.
 

 "Q Whose picture is in that photo?
 

 "A Mr. Eaton’s.
 

 "Q This was taken from his person?
 

 "A Yes, it was.”
 

 [2]
 

 Defendant’s challenge to evidence about the false identification is based upon the fact that possession of a forged instrument is a crime,
 
 see
 
 ORS 165.017, and therefore the evidence related to uncharged "other crimes.” Although the rule of exclusion here involved is frequently referred to as the "other crimes rule,” we have previously noted that such a label is a misnomer.
 
 See, State v. Kelley,
 
 29 Or App 321, 325 (n 4), 563 P2d 749 rev den (1977);
 
 State v. Pitts,
 
 29 Or App 59, 562 P2d 562, 30 Or App 1, 566 P2d 182
 
 rev den
 
 (1977). The rule really operates to exclude evidence of prior bad acts, whether criminal or not, which are relevant to the crime charged only insofar as they tend to prove that defendant is a bad person who is therefore more likely to have committed the charged offense.
 
 See
 
 McCormick, Evidence 447, § 190 (2d ed E. Cleary 1972).