Argued September 25, 1978, reversed and remanded for a new trial
February 6, 1979

## STATE OF OREGON, *Respondent,*
### *v.*
## GARY DALE WILLIAMS, *Appellant.*
### (No. CC 77-571, CA 10830)

590 P2d 259

Thomas J. Crabtree, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

[ 327 ]

Before Schwab, Chief Judge, and Lee, Richardson, and Joseph, Judges.

LEE, J.

.

**LEE, J.**

Defendant seeks reversal of his convictions for robbery in the first degree and kidnapping in the second degree and contends that the trial court erred (1) in admitting statements of a co-conspirator which he argues were made after the conspiracy had terminated and (2) in imposing separate sentences for kidnapping and robbery, although no objection was made at the time of sentencing.

On August 21, 1977, after a restaurant was closed by the owner and his daughter, they placed a sack containing money in one of their cars and proceeded separately to a laundromat with the intention of subsequently taking the money to a night depository. While at the laundromat, they were kidnapped by two men armed with a sawed-off shotgun and forced to ride about in the owner's car while inquiry was made concerning the whereabouts of the money. Eventually, the men discovered the money and took it. Both victims subsequently identified defendant, a former employee of the restaurant, and Ricky DuHaime, as the men who had kidnapped and robbed them.

On August 22, the day after the robbery, defendant and two females bought a car from a Longview, Washington dealer for $858 in cash. On August 26, while DuHaime was in custody for a probation violation, he was questioned by a police office concerning the robbery and he responded that he knew about the robbery and that he had seen some people who had a "lot of money." DuHaime told the officer that if he were allowed to return to the street he would be able to procure information about the robbery. Later that same day, while still incarcerated, DuHaime told another officer that defendant, who had a shotgun and a stack of money, was the robber. DuHaime was released from custody with the understanding that he would contact officers on August 29, which he failed to do. On August 27, the day after DuHaime made the

statements, he bought a car in Portland for $1,000 in cash.

At trial, over objections, the two officers testified concerning DuHaime's statements made on August 26. Defendant then called DuHaime, who denied making the statements. Defendant contends that the officers' testimony concerning the statements constituted inadmissible hearsay.

The act of one conspirator is the act of all because of the common bond of agency between those who combine for a joint purpose. Therefore, an incriminating extrajudicial statement by a conspirator is deemed an admission of another conspirator and is admissible if made in the course of the conspiracy. However, in *State v. Davis,* 19 Or App 446, 449, 528 P2d 117 (1974), we said

"* * * If the conspirators have achieved or abandoned its objective and the conspiracy has therefore terminated, then the link of agency no longer exists and such a statement would be mere hearsay. * * *"

There was evidence, based upon defendant's purchase of a car for cash the day after the robbery, that the fruits of the crime had been dispersed at least five days before the statements were made. Under these circumstances we must conclude that the conspiracy had terminated. The state's evidence that DuHaime purchased a car for cash the day after the statements were made was insufficient to prove that the "link of agency" still existed.

Reversed and remanded for a new trial.