NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*

*v.*

EDWARD ISSAC PONI AMINA, JR., *Appellant*.

No. 1 CA-CR 14-0107
FILED 8-25-2015

---

Appeal from the Superior Court in Maricopa County
No.  CR2011-162422-001
The Honorable John R. Ditsworth, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Spencer D. Heffel
*Counsel for Appellant*

Edward Issac Poni Amina, Jr., Kingman
*Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Patricia K. Norris delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Kent E. Cattani joined.

---

**N O R R I S,** Judge:

¶1  Appellant Edward Issac Poni Amina, Jr. timely appeals from his conviction and sentence for aggravated assault, a class 3 dangerous felony, in violation of Arizona Revised Statutes ("A.R.S.") section 13-1204 (Supp. 2014).[1] After searching the record on appeal and finding no arguable question of law that was not frivolous, Amina's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this court to search the record for fundamental error. This court granted counsel's motion to allow Amina to file a supplemental brief *in propria persona*, and Amina did so. We reject the argument raised in Amina's supplemental brief and, after reviewing the entire record, we find no fundamental error. Therefore, we affirm Amina's conviction and sentence.

**FACTS AND PROCEDURAL BACKGROUND[2]**

¶2  On December 8, 2011, R.D. called a Mesa City Police officer and reported that Amina and his girlfriend, V.P., had assaulted her in the parking lot of an apartment complex and had threatened to kill her. Before the assault, the State had listed R.D. as a witness in an unrelated criminal case against Amina. A Maricopa County grand jury indicted Amina for aggravated assault with a deadly weapon and tampering with a witness.

¶3  At trial, a number of witnesses, including Amina, testified he was at the apartment complex on December 8, 2011. R.D. testified that as she was walking to her car she saw Amina and V.P. coming towards her.

---

[1]Although the Arizona Legislature amended the statutes cited in this decision after the date of Amina's offense, the revisions are immaterial to our resolution of this appeal. Thus, we cite to the current version of the statutes.

[2]We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Amina. *See State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

V.P. began yelling they were going to kill her, and Amina pulled out a hunting knife. V.P. grabbed the car door, and as R.D. drove away, Amina threw the knife, hitting the car's rear windshield. R.D. also testified Amina had a gun in his waistband.

¶4            V.P. testified for the State. She admitted she was "in on [Anima's] plan" and had helped him attack R.D. She testified Amina had been looking for R.D. and earlier that morning had said he "wanted to go and find her and kill her." V.P. also testified that she believed that if R.D.'s car door had not been locked as she drove away, Amina would have stabbed R.D.

¶5            The apartment manager—who did not know anyone involved—witnessed the attack. The manager testified, consistent with R.D.'s and V.P.'s testimony, that Amina threatened to kill R.D. and threw a knife at the car.

¶6            The jury found Amina guilty of aggravated assault, a dangerous offense, but not guilty of tampering with a witness. The jury also found the State had proven beyond a reasonable doubt an aggravating factor—that "[t]he offense[] involved the presence of an accomplice." The superior court sentenced Amina to an aggravated term of 10 years based on the jury's finding of the aggravating factor and Amina's criminal history. *See* A.R.S. § 13-704(A), (H) (Supp. 2014). The court correctly calculated and awarded Amina 790 days of presentence incarceration credit.

## DISCUSSION

¶7            We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. Amina received a fair trial. He was represented by counsel at all stages of the proceedings and was present at all critical stages.

¶8            The evidence presented at trial was substantial and supports the verdict. The jury was properly comprised of 12 members and the court properly instructed the jury on the elements of the charge, Amina's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The superior court received and considered a presentence report, Amina was given an opportunity to speak at sentencing, and did so, and his sentence was within the range of acceptable sentences for his offense.

¶9        In his supplemental brief,[3] Amina argues the superior court violated his constitutional rights when it held "trial proceedings" outside his presence without his waiver or consent.  Specifically, he argues, "the jury was shown a video-tape, or some other medium of evidence presented by the government, in their case in chief.  Amina was not allowed to attend this part of the trial in front of the jury, and was in custody."

¶10        The record reflects that on the second day of trial and as part of the State's case-in-chief, the court admitted into evidence a video of an interview between Amina and a detective.  The State then played the video for the jury.  Amina was present in court and did not object to the admission of the video.  The jury requested to see the video during deliberations.  The video was set up and displayed to the jury in the courtroom, outside the presence of the court, counsel, and court staff.  When the jury finished watching the video, it returned to the jury room and continued deliberating.

¶11        A defendant does not have a right to be present in the jury room when, pursuant to Arizona Rule of Criminal Procedure 22.2, a court allows a jury to take tangible or documentary evidence into the jury room during its deliberations.  *See State v. Jovenal*, 117 Ariz. 441, 443-44, 573 P.2d 515, 517-18 (App. 1977); *see also State v. Lichon*, 163 Ariz. 186, 193, 786 P.2d 1037, 1044 (App. 1989) (deliberating jury had right to review videotapes properly admitted into evidence).  Here, the jury simply used the courtroom as their "jury room" to view properly admitted evidence.  Indeed, the superior court informed the jury, "so we're going to go off the record.  This will be your jury room."  Accordingly, we reject Amina's argument that the superior court violated his constitutional rights, including his right to be present, in allowing the jury to review the video.[4]

**CONCLUSION**

¶12        We decline to order briefing and affirm Amina's conviction and sentence.

¶13        After the filing of this decision, defense counsel's obligations pertaining to Amina's representation in this appeal have ended.  Defense counsel need do no more than inform Amina of the outcome of this appeal

---

        [3]With the court's permission, Amina filed two virtually identical supplemental briefs.

        [4]Amina was not present when the jury asked to watch the video. Although unclear, the record suggests defense counsel waived Amina's presence.

and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

**¶14**       Amina has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. On the court's own motion, we also grant Amina 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama