NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ANDRE LAMAR PRICE, *Appellant.*

No. 1 CA-CR 20-0595
FILED 8-17-2021

Appeal from the Superior Court in Maricopa County
No. CR2017-146350-002
The Honorable Frank W. Moskowitz, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which
Presiding Judge Peter B. Swann and Judge Paul J. McMurdie joined.

_____

**W E I N Z W E I G**, Judge:

**¶1**        Andre Lamar Price appeals his sentences and convictions.
Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**        One morning in October 2017, Price and two friends robbed
or tried to rob three convenience stores before their getaway car stalled.  All
three were arrested.  The State indicted Price on two counts of armed
robbery, one count of attempted armed robbery, four counts of aggravated
assault, and two counts of kidnapping.  After a 12-day trial, the jury
convicted Price of two counts of armed robbery, three counts of aggravated
assault and two counts of kidnapping.  It also found aggravating factors,
including that Price was on probation when he committed the offenses.  *See*
A.R.S. § 13-708(A).   The court sentenced Price to concurrent prison
sentences, the longest lasting 17 years.

**¶3**        Price timely appealed.  We have jurisdiction.  *See* Ariz. Const.
art. 6, § 9; A.R.S. §§ 12-120.21(A)(1), 13-4031, -4033(A).

## DISCUSSION

**¶4**        Price asserts three arguments on appeal.

### I.  *Batson* Challenge

**¶5**        Price first contends the State's peremptory strike of a black
juror violated his rights under *Batson v. Kentucky*, 476 U.S. 79 (1986).  A
discriminatory peremptory strike violates the Equal Protection Clause of
the Fourteenth Amendment.  *Id.* at 85-86.

**¶6**        During voir dire, defense counsel raised a *Batson* challenge to
the State's peremptory strike of a potential black juror, Juror 23.  The
prosecutor then offered a race-neutral reason for the strike.  He said that
Juror 23 was a college professor, and college professors are "typically not

strong jurors for us." The trial court asked the prosecutor about Juror 50, a non-minority juror seated on the final jury despite her position as a "faculty manager and teacher" at the same university. The prosecutor said he did not know Juror 50 was a teacher and pointed to his trial notes that "she was a manager, like, administrative, not a college professor." The court denied Price's challenge and empaneled the jury, which included one black member. We review *Batson* challenges for clear error. *State v. Hardy*, 230 Ariz. 281, 285, ¶ 11 (2012).

¶7　　　　A *Batson* challenge has three steps. The defendant must first make a prima facie claim of purposeful discrimination. *Batson*, 476 U.S. at 100. The State must then offer a facially valid race-neutral reason for the strike, *Hernandez v. New York*, 500 U.S. 352, 360 (1991), which need not be "persuasive, or even plausible," *Purkett v. Elem*, 514 U.S. 765, 768 (1995). And finally, the defendant must prove the State's race-neutral reasons were mere pretext for purposeful discrimination. *State v. Roque*, 213 Ariz. 193, 204, ¶ 15 (2006).

¶8　　　　We find no clear error on this record because reasonable evidence supports the superior court's finding that Price did not establish purposeful discrimination. The court heard and accepted the prosecutor's nondiscriminatory explanation that he "did not hear the teaching part." The superior court is best positioned to assess credibility and we afford "much deference" to its ruling. *State v. Newell*, 212 Ariz. 389, 401, ¶ 54 (2006).

## II. Exhibits in the Jury Room

¶9　　　　Price next argues the superior court abused its discretion by allowing the jury to review testimony from three witnesses in the jury room during deliberations, including the testimony of two police officers and Price himself. We agree. *See State v. Jovenal*, 117 Ariz. 441, 443-44 (App. 1977) (holding that trial courts may not furnish written transcripts of testimony to the jury to review during deliberation). Even so, the error was harmless. The jury saw video footage of the robberies and heard from 22 other witnesses, including two eyewitnesses, over the 12-day trial. *See State v. Morris*, 215 Ariz. 324, 335, ¶ 44 (2007) ("An error is harmless if it appears beyond a reasonable doubt that the error did not contribute to the verdict obtained.") (cleaned up) (citing *State v. Dann*, 205 Ariz. 557, 565, ¶ 18 (2003)).

## III. Probation Aggravator

¶10　　　　Price last argues the jury lacked sufficient evidence to find he committed the offenses while on felony probation. We review this issue de

novo, viewing the facts in the light most favorable to supporting the jury's verdict and resolving "any conflicts in the evidence against the defendant." *State v. Pena*, 235 Ariz. 277, 279, ¶ 5 (2014). We discern no error because the record has "evidence that reasonable persons could accept as sufficient to support a guilty verdict beyond a reasonable doubt." *Prosise v. Kottke*, 249 Ariz. 75, 79, ¶ 21 (App. 2020) (quoting *Pena*, 235 Ariz. at 279, ¶ 5). In particular, the record shows that Price was placed on three years' felony probation in 2016 and committed the felonies here in 2017. No conflicting evidence was presented. We affirm.

## CONCLUSION

¶11 Because Price shows no reversible error, we affirm his convictions and sentences.

